7 F.3d 238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
George R. TUTTLE, Plaintiff/Appellant,
v.
ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES, et al.,
Defendants/Appellees.
 No. 92-2438.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 22, 1993.*
Decided Sept. 24, 1993.
 
 Before BAUER, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 When George Tuttle was arrested and placed in the Adams County Jail in Quincy, Illinois in September of 1990, the Illinois Department of Children and Family Services ("DCFS") gained custody of his two daughters, who were ages four months and two and one-half years, and placed them into the care of foster parents. Pursuant to a court order, the children were examined for sexual abuse, but nothing was found. Nevertheless, after the children had been in the custody of their foster parents for about five months, the two-and-one-half-year-old daughter was found to have chlamydia, a sexually transmitted disease.
 
 
 2
 Tuttle, who is presently incarcerated at the Joliet Correctional Center in Joliet, Illinois, brought an action pursuant to 42 U.S.C. § 1983, naming himself as the sole plaintiff and alleging that the Illinois Department of Children and Family Services, two of its employees, and the two foster parents violated his and his daughter's constitutional rights by allowing her to be sexually assaulted. The district court ordered Tuttle to show cause why his complaint should not be dismissed for failure to state a claim. Tuttle thereafter filed an amended complaint naming his daughter as the plaintiff, himself as her "Best Friend," and alleging that the defendants had violated only his daughter's constitutional rights. The district court dismissed Tuttle's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and Tuttle appeals.
 
 
 3
 We review the dismissal of Tuttle's complaint de novo, Crane v. Logli, 992 F.2d 136, 138 (7th Cir.1993), accepting the well-pleaded factual allegations of the complaint as true, and viewing those allegations in the light most favorable to Tuttle. Gillman v. Burlington N. R.R., 878 F.2d 1020, 1022 (7th Cir.1989). Because Tuttle filed his complaint pro se, his complaint is to be liberally construed. Estelle v. Gamble, 429 U.S. 97, 106 (1976). We will affirm the district court's dismissal of the complaint only if it appears beyond doubt that Tuttle can prove no set of facts in support of his claim that would entitle him to relief. Id.
 
 
 4
 We agree with the district court that Tuttle's complaint fails to state a claim because Tuttle lacks the capacity to sue on his daughter's behalf. Capacity to sue is determined by reference to the law of the individual's domicile. Fed.R.Civ.P. 17(b). A minor in Illinois cannot bring suit in his own name. Severs v. Country Mut. Life Ins. Co., 434 N.E.2d 290, 292 (Ill.1982). Because Tuttle's daughter cannot bring suit in her own name, she can litigate only through someone acting in a representative capacity. A parent may sue on behalf of his minor child as a next friend if the parent is represented by counsel and has no interests that conflict with those of the child. See In re Chicago, Rock I., & Pac. R.R., 788 F.2d 1280, 1282 (7th Cir.1986). Tuttle is not represented by counsel. Although a parent has a right to litigate claims on his own behalf without an attorney, he cannot litigate the claims of his children unless he obtains counsel. Osei-Afriyie v. Medical College, 937 F.2d 876, 883 (3d Cir.1991). "It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir.1990).
 
 
 5
 At first blush, our conclusion that Tuttle cannot bring this suit without an attorney would seem to present Tuttle with a "no-win" situation, given that he moved the district court to appoint him an attorney pursuant to 28 U.S.C. § 1915(d), and the district court denied the motion. Tuttle cannot sue without an attorney, yet the district court refused to appoint him one. Nevertheless, Tuttle also lacks capacity to bring this suit on the ground that his interests may be adverse to his daughter's. It is not certain when the sexual assault occurred; it may have occurred when the children were still in Tuttle's custody, making Tuttle a suspect.
 
 
 6
 Even if Tuttle had the capacity to sue on behalf of his daughter, Tuttle's complaint fails to state a claim. In DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189 (1989), the Supreme Court held that a state has no constitutional duty to protect a child from his own father after receiving reports of possible abuse. The state's duties change once the state has removed a child from the custody of its parents. K.H. through Murphy v. Morgan, 914 F.2d 846, 849 (7th Cir.1990). In such a situation the child has "a prima facie right not to be placed with a foster parent who the state's caseworkers and supervisors know or suspect is likely to abuse or neglect the foster child." K.H., 914 F.2d at 853; cf. Youngberg v. Romeo, 457 U.S. 307, 318-19 (1982) (holding that an institutionalized mentally retarded individual had a right to safe conditions). Merely negligent or even grossly negligent placement of a child by the state does not give rise to § 1983 liability. Daniels v. Williams, 474 U.S. 327, 328 (1986); Archie v. City of Racine, 847 F.2d 1211, 1220 (7th Cir.1988) (en banc), cert. denied, 489 U.S. 1065 (1989). "Only if without justification based either on financial constraints or on considerations of professional judgment they place the child in hands they know to be dangerous or otherwise unfit do [agents of the state] expose themselves to liability in damages." K.H., 914 F.2d at 854.
 
 
 7
 Tuttle does not allege in his complaint that his children were placed with foster parents that DCFS knew or even suspected were likely to sexually abuse the children. In fact, Tuttle does not even allege that the foster parents sexually abused his daughter. The basis of his complaint is that, once DCFS placed the children in foster care, DCFS and the foster parents became strictly liable for any harm that might come to his children. That simply is not the applicable standard. Tuttle's allegation that his children were in the custody of DCFS when it became evident that his daughter had been sexually assaulted is insufficient to state a cause of action. The district court's dismissal of Tuttle's complaint therefore is
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record