(No. 54403.—

MARY HEIDI SEVERS *et al.*, Appellees, v. COUNTRY MUTUAL INSURANCE COMPANY *et al.*, Appellants.

*Opinion filed March 16, 1982.*

516

Wagner, Bertrand, Bauman & Schmieder, of Belleville (Bernard H. Bertrand, of counsel), for appellant Country Mutual Insurance Company.

Robert D. Francis, of Dunham, Boman, and Leskera, of East St. Louis, and Clinton J. Thurston, of Thurston & Associates, of Cairo, for appellees.

JUSTICE WARD delivered the opinion of the court:

Mary Heidi Severs, a minor, was injured on August 1, 1974, in a one-vehicle accident while riding as a passenger in her father's automobile, which was insured by the defendant Country Mutual Insurance Company (Country Mutual). The car was being driven by the codefendant Dixie L. Rogers, who was uninsured. On December 4, 1978, Mary Heidi, by her mother, Geri S. Severs, individually and as next friend, and her father, Perry A. Severs, Jr. (Severs), filed a complaint for a declaratory judgment construing the terms of the automobile insurance policy issued to Severs by Country Mutual. The circuit court of St. Clair County held there was no coverage under the liability provisions of the policy because of an exclusion in the policy barring recovery by a resident relative of the named insured, Severs. The court also declared that coverage under the uninsured motorist section of the policy extended to Mary Heidi, but it held that the plaintiffs

had failed to comply with the section's requirement that any action under the section be commenced within two years of the accident. The motion for summary judgment which the plaintiffs had also filed was denied, and the complaint for declaratory judgment was dismissed with prejudice. The appellate court decided that because of the family-exclusion provision there was no coverage under the liability section of the policy, but it held that the provision that suit for recovery under the uninsured motorist provision had to be brought within two years was against public policy when applied in the case of a minor. (91 Ill. App. 3d 350.) We granted Country Mutual's petition for leave to appeal. 73 Ill. 2d R. 315.

The only question presented by Country Mutual is whether the provision requiring that an action be commenced within two years after occurrence of the loss or casualty is valid as applied to a minor.

Country Mutual argues that Mary Heidi's rights arise out of the automobile insurance policy or contract, and that by suing on the contract, she affirms and is bound by all of its terms, including the two-year limitation. Since the two-year limitation is part of the contract, Country Mutual says that bringing suit within two years was a condition precedent to the right to recover under the contract.

The plaintiffs contend that the limitation provision offends public policy and is void when applied to a minor. It acts, they say, to defeat the purpose of the statute requiring that all automobile insurance policies issued in this State provide uninsured motorist coverage.

Since July 1, 1963, section 143a of the Illinois Insurance Code (Ill. Rev. Stat. 1973, ch. 73, par. 755a) has required that an automobile insurance policy provide uninsured motorist coverage. This uninsured coverage extends to insured persons who may be entitled to recover damages for bodily injury or death from owners and operators of uninsured motor vehicles. Section 143a does

not set forth any period within which an insured must bring an action in order to recover under an uninsured motorist provision. The uninsured motorist section of Severs' policy provides for payment of "all sums which the insured or his legal representative shall be legally entitled to recover as damages from the \*\*\* operator of an Uninsured Vehicle because of bodily injury \*\*\* sustained by the Insured \*\*\*." It further provides that "[n]o suit, action or arbitration proceedings for the recovery of any claim under this Section shall be sustainable in any court of law or equity unless the Insured shall have fully complied with all of the terms of this policy, nor unless commenced within two (2) years after the occurrence of the loss."

Mary Heidi Severs was under two years of age at the time of the accident. She was under seven years when her mother filed suit on her behalf as her next friend. It is not disputed that Mary Heidi was an insured under the uninsured vehicle provision of the policy or that the vehicle in which she was riding was an "Uninsured Vehicle" as defined by the policy.

The legislative intention in enacting section 143a of the Insurance Code was in part to insure that persons injured by an uninsured motorist are protected at least to the extent that compensation is made available for persons injured by a motorist insured for the minimum limits under section 7—203 of the Illinois Safety Responsibility Law (Ill. Rev. Stat. 1973, ch. 95½, par. 7—203). (*Putnam v. New Amsterdam Casualty Co.* (1970), 48 Ill. 2d 71.) It is logical that a legislative design to provide similar protection for both classes of injured persons requires that Mary Heidi must be allowed the same period of time within which to bring suit that she would have had if the driver, codefendant Dixie Rogers, had been insured. If Dixie Rogers had insurance coverage as described in section 7—203 of the Illinois Safety Responsibility Law, Mary

Heidi's action would not have been barred until two years after she had reached the age of majority. (See Ill. Rev. Stat. 1973, ch. 83, par. 22; see *Casillas v. Rosengren* (1967), 86 Ill. App. 2d 139.) The purpose underlying a statute cannot be circumvented by the insertion of a contrary or restricting provision in an insurance policy. (*Prosk v. Allstate Insurance Co.* (1967), 82 Ill. App. 2d 457.) The practical effect of the policy provision here would deprive an insured minor, who could not in her own behalf file an action, of the uninsured motorist coverage required by statute. We hold that the provision may not be asserted as a bar to recovery by a minor.

It is undeniable that there are legal disabilities imposed upon minors. For example, speaking generally, a minor, *inter alia*, cannot enter into a contract which can be enforced against him (see *Dixon National Bank v. Neal* (1955), 5 Ill. 2d 328; see *Perry v. Saleda* (1976), 34 Ill. App. 3d 729) and cannot bring suit in his own name (Ill. Rev. Stat. 1973, ch. 3, par. 141). Mary Heidi could neither contract for insurance nor sue the insurance company in her own name and behalf. (The statute permitting a minor of 15 or more years to contract for certain insurance (Ill. Rev. Stat. 1973, ch. 73, pars. 854, 981) is not involved here.) The fact that suit might be brought on a minor's behalf by a guardian *ad litem* or next friend does not eliminate the necessity of insuring that the minor's rights are not violated or neglected. This court long ago observed that "[a] child with a meritorious cause of action but incapable of initiating any proceeding for its enforcement will not be left to the whim or mercy of some self-constituted next friend to enforce its rights." (*McDonald v. City of Spring Valley* (1918), 285 Ill. 52, 56.) This concern for minors' rights has been a continuing one: "Minor litigants are, of course, entitled to special protection by the courts, particularly to see that their rights are protected even from the neglect of their representative in

order to do substantial justice." (*Brandon v. DeBusk* (1980), 85 Ill. App. 3d 645, 648; see also *Country Mutual Insurance Co. v. Kuzmickas* (1971), 2 Ill. App. 3d 313.) Indeed, this court's decisions make it clear that the public policy of this State requires that " '*** a minor should not be precluded from enforcing his rights unless clearly debarred from so doing by some statute or constitutional provision.' " *Wilbon v. D. F. Bast Co.* (1978), 73 Ill. 2d 58, 73, quoting from *Walgreen Co. v. Industrial Com.* (1926), 323 Ill. 194, 197. See also *Johnson v. Industrial Com.* (1972), 53 Ill. 2d 23, 24.

The plaintiffs raise again the question of whether an automobile policy's family-liability exclusion should be given effect and bar recovery by a relative who resides with the named insured. The family exclusion in Country Mutual's policy provides that "[t]his policy does not apply under Section I [the liability section] *** to bodily injury sustained by the Insured or his Relatives [who reside with the Insured]." The exclusion is clear and unambiguous. It will, therefore, be applied as written, unless it contravenes public policy. (*Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420.) The plaintiffs make no contention that the exclusion is contrary to the public policy of this State. They indeed recognize that generally it is held that, in the absence of a statutory provision to the contrary, automobile liability policy provisions excluding household and family members from coverage are valid and effective. (Annot., 46 A.L.R.3d 1024, 1029 (1972). See *Banner Insurance Co. v. Avella* (1970), 128 Ill. App. 2d 471.) Mary Heidi clearly comes within the terms of the exclusion.

For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*