# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Country Preferred Insurance Co. v. Whitehead*, 2011 IL App (3d) 110096

---

| | |
|---|---|
| Appellate Court Caption | COUNTRY PREFERRED INSURANCE COMPANY, Plaintiff-Appellee, v. TERRI WHITEHEAD, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-11-0096 |
| Filed | August 30, 2011 |
| Rehearing denied | October 18, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action for the injuries defendant suffered in an accident with an uninsured motorist in Wisconsin, the provision of the automobile liability policy plaintiff issued to defendant imposing a two-year statute of limitations on uninsured motorist claims violated public policy as applied to defendant and was unenforceable, since Wisconsin has a three-year statute of limitations for such claims and applying the two-year period would not place defendant in the same position she would have been in if the other motorist had been insured; therefore, the trial court's denial of defendant's motion to compel arbitration of her claim on the ground that she did not act within two years was reversed. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 09-MR-1122; the Hon. Barbara Petrungaro, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | Robert Marc Chemers (argued) and Heather E. Plunkett, both of Pretzel & Stouffer, Chtrd., of Chicago, for appellant. |
|---|---|
|  | Keith G. Carlson (argued), of Carlson Law Offices, of Chicago, for appellee. |
| Panel | JUSTICE LYTTON delivered the judgment of the court, with opinion. Justice Holdridge concurred in the judgment and opinion. Justice McDade dissented, with opinion. |

# OPINION

¶ 1     Plaintiff, Country Preferred Insurance Company, filed a complaint for declaratory judgment against defendant, Terri Whitehead, alleging that she was barred from pursuing an uninsured motorist claim because she did not file a request for arbitration within the two-year policy limitation. Defendant filed a motion to compel arbitration, stating that the two-year limitation violated public policy because the accident occurred in Wisconsin, which has a three-year statute of limitations. The trial court denied defendant's motion. We reverse and remand.

¶ 2     On July 27, 2007, defendant was in an automobile accident with a vehicle driven by Mario Lopez-Juarez in Wisconsin. Lopez-Juarez was uninsured. Defendant was insured by plaintiff, Country Preferred Insurance Company. Her policy with Country Preferred provided that disputes with uninsured motorists were to be decided by arbitration. The arbitration provision contained in the policy provided in pertinent part: "[I]f we and an insured disagree over whether that insured is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle or if agreement cannot be reached on the amount of damages, either party must make a written demand for arbitration." Another provision of the policy relating to uninsured motorist claims stated: "[A]ny suit, action or arbitration will be barred unless commenced within two years from the date of the accident."

¶ 3     Defendant notified Country Preferred of her accident shortly after it occurred. As of October 2007, Country Preferred had assigned a claim number and claim representative to defendant's uninsured claim. Several times thereafter, Country Preferred's claim representative, Andrea Dunmore, sent correspondence to defendant.

¶ 4     On May 5, 2009, defendant's counsel wrote Dunmore, advising her that he represented defendant, "who sustained injuries as a result of an uninsured motorist," and requesting a copy of defendant's insurance policy. On October 6, 2009, defendant's counsel made a written demand for arbitration on defendant's uninsured motorist claim.

¶ 5        On October 30, 2009, Country Preferred filed a complaint for declaratory judgment against defendant, alleging that she was barred from making an uninsured motorist claim under her policy because she did not make a written demand for arbitration within two years of her accident. On July 19, 2010, defendant filed a motion to compel arbitration. The trial court denied defendant's motion.

¶ 6        Where a provision of an insurance contract is in conflict with public policy, courts will not enforce it. *American Service Insurance Co. v. Pasalka*, 363 Ill. App. 3d 385, 390 (2006). Whether a contractual provision violates public policy must be determined on a case-by-case basis. See *American Federation of State, County & Municipal Employees v. State*, 158 Ill. App. 3d 584, 592 (1987), *aff'd*, 124 Ill. 2d 246 (1988).

¶ 7        Illinois law requires insurers to offer uninsured motorist coverage in all automobile policies. 215 ILCS 5/143a (West 2008). "[T]he intent of the legislature in enacting section 143a was to ensure that persons injured by an uninsured motorist are protected at least to the extent that compensation is made available to persons injured by a motorist insured for the minimum legal limits." *Pasalka*, 363 Ill. App. 3d at 390. "[T]he public policy behind the uninsured motorist statute is to place the injured party in substantially the same position he would have been in if the uninsured driver had been insured." *Hoglund v. State Farm Mutual Automobile Insurance Co.*, 148 Ill. 2d 272, 279 (1992).

¶ 8        An insurance policy violates Illinois public policy when it places an injured party in a substantially different position than if the tortfeasor had carried insurance. See *Severs v. Country Mutual Insurance Co.*, 89 Ill. 2d 515, 519-20 (1982); *Pasalka*, 363 Ill. App. 3d at 392; *Kerouac v. Kerouac*, 99 Ill. App. 3d 254, 262 (1981); *Burgo v. Illinois Farmers Insurance Co.*, 8 Ill. App. 3d 259, 263-64 (1972).

¶ 9        The issue before us is whether Illinois public policy is served when an insurance policy limits coverage to two years when an accident occurs in a state that has a three-year statute of limitations.

¶ 10        In *Burgo*, the court held that a contract provision requiring insureds to demand arbitration within one year of an accident violated Illinois's uninsured motorist statute because it shortened the applicable statute of limitations. *Burgo*, 8 Ill. App. 3d at 263-64. Under Illinois law, Burgo had two years to sue the tortfeasor. See *id.* at 260; see also 735 ILCS 5/13-202 (West 2008). The contract's one-year provision shortened the state's two-year statutory limitations period. *Burgo*, 8 Ill. App. 3d at 263. Thus, it placed Burgo in a substantially different position than he would have been in had the tortfeasor carried insurance. *Id.* at 263-64. The court held that "[t]he one-year limitation in the policy is a dilution or diminution of the uninsured motorist statute and is an attempt to defeat the intent and the purpose of the statute; therefore it is against public policy and the statute must prevail." *Id.* at 264.

¶ 11        Similarly, in *Severs*, the supreme court held that a two-year contractual limitation against a minor was unenforceable because it shortened the time within which the minor was required to file suit. *Severs*, 89 Ill. 2d at 519-20. The court explained that the uninsured motorist statute required that the minor "be allowed the same period of time within which to bring suit that she would have had if the driver *** had been insured." *Id.* at 519. In Illinois, a minor has two years after attaining age 18 to file suit. See *id.* at 519-20 (citing Ill.

Rev. Stat. 1973, ch. 83, ¶ 22 (now see 735 ILCS 5/13-211 (West 2008))). The two-year policy provision restricted that limitations period and placed the minor in a substantially different position than she would have been in if the tortfeasor had carried insurance. See *Severs*, 89 Ill. 2d at 520. Thus, the two-year limitation in the policy deprived the minor of the uninsured motorist coverage required by statute and could not be used against the minor. *Id.*; see also *Kerouac*, 99 Ill. App. 3d at 262.

¶ 12     Here, the two-year period contained in the policy at issue violates public policy as to defendant because it effectively shortens the applicable Wisconsin statute of limitations from three years to two years. Thus, it places defendant in a "substantially different" position than if the other driver had been insured. See *Burgo*, 8 Ill. App. 3d at 263-64. If the driver of the other vehicle involved in defendant's accident had been insured, defendant could have brought her personal injury action against him in Wisconsin, and a three-year statute of limitations would apply. See Wis. Stat. §§ 801.05(3), 893.54(1) (2011).

¶ 13     Nevertheless, plaintiff argues that a two-year contract limitation has been approved by our courts. See *Hannigan v. Country Mutual Insurance Co.*, 264 Ill. App. 3d 336, 342 (1994); *Shelton v. Country Mutual Insurance Co.*, 161 Ill. App. 3d 652, 660 (1987). However, the courts in those cases upheld a two-year policy limitation because it was the same length as the statute of limitations for personal injuries occurring in Illinois. See 735 ILCS 5/13-202 (West 2008); *Hannigan*, 264 Ill. App. 3d at 342; *Shelton*, 161 Ill. App. 3d at 659-60. As such, the insureds were placed in the same position they would have been in had the offending motorists been insured.

¶ 14     Those cases do not reflect the facts in this case. Here, the two-year limitations period in the policy is less than the three-year statute of limitations in Wisconsin; defendant is not placed in substantially the same position she would have been in if the uninsured driver had been insured. Thus, the insurance contract violates public policy as applied to defendant and is unenforceable. See *Pasalka*, 363 Ill. App. 3d at 390.

¶ 15     The order of the circuit court of Will County is reversed and the cause is remanded for further proceedings consistent with this opinion.

¶ 16     Reversed and remanded.

¶ 17     JUSTICE McDADE, dissenting:

¶ 18     I dissent from the majority's finding that the "two-year period contained in the policy at issue violates public policy as to defendant because it effectively shortens the applicable Wisconsin statute of limitations from three years to two years." *Supra* ¶ 12. This reasoning ignores the fact that it is not our role to make policy; rather, we must ascertain the public policy of this state with reference to the Illinois Constitution, statutes, and long-standing case law. *Timothy Whelan Law Associates, Ltd. v. Kruppe*, 409 Ill. App. 3d 359, 361 (2011). Thus, I do not believe that an Illinois court can use a foreign jurisdiction's laws to establish a violation of Illinois public policy.

¶ 19     In the interest of clarity, I find it necessary to set out the specific basis of defendant's

arbitration demand. Defendant's arbitration demand is found in her counterclaim. While defendant's counterclaim asserts that she "timely presented and *** [plaintiff] acknowledged *** [her] claim for uninsured motorist coverage benefits as early as October 21, 2007," this was not the actual basis for her arbitration demand. Instead, defendant argued that section 2 of the policy violates Illinois public policy because it bars relief, which would otherwise be available under Wisconsin law. Stated another way, defendant's counterclaim sought to have section 2 of the policy voided on public policy grounds, as opposed to arguing that she complied with section 2. Both defendant's initial brief and reply brief confirm the narrow scope of her argument.

¶ 20    First, defendant states the question presented for review as:

"Whether Country Preferred Insurance Company's enforcement of the two-year time limitation provision for a demand for arbitration of an uninsured motorist claim violates Illinois public policy where the motor vehicle accident occurred in Wisconsin, which has a three year statute of limitations for personal injury actions, because it places the insured in a substantially different position than if the other driver had been insured."

In addition, defendant's initial brief states, in pertinent part:

"Here, the singular issue before this Court is whether the application of Country's [uninsured motorist] time limitation provision as it pertains to Whitehead violates Illinois public policy."

Defendant's reply brief states, in pertinent party:

"Because of the disagreement between the parties as to Country's contentions, Whitehead's motion to compel arbitration was brought on the legal issue of whether the time limitation provision was against Illinois public policy. Whitehead denied that the [uninsured motorist] claim was not made within two years of the accident, however, even if it wasn't Whitehead contended that Country can not have a contractual limitation in its policy that places its insured in a substantially different position than she would have been in had the tortfeasor carried the insurance required by statute because such a limitation violates public policy. In the interest of judicial economy, the [public policy] argument was made on an 'assuming *arguendo*' basis simply because if the Court held that the two-year time limitation provision was against Illinois public policy, the case would be over and there would be no issue as to whether Whitehead's demand for arbitration was timely."

¶ 21    While defendant, through her counterclaim, could have raised both the arguments of timeliness and public policy as grounds for her arbitration demand, she chose not to do so. Instead, she has expressly defined the timeliness of her notice to Country out of our consideration on interlocutory appeal. Thus, for purposes of this interlocutory appeal I examine only the merits of defendant's public policy contention. This scope finding, however, would not mean that defendant cannot contest the issue of timeliness in the underlying declaratory judgment proceedings. The record reveals that defendant's answer to plaintiff's complaint for declaratory judgment expressly denies plaintiff's allegation that she "did not make a written demand for uninsured motorist arbitration on or before July 27, 2009." I now turn to the merits of defendant's public policy contention.

¶ 22     Courts will not enforce an insurance policy provision if it is in fundamental conflict with public policy. *American Service Insurance Co. v. Pasalka*, 363 Ill. App. 3d 385, 390 (2006). Whether a provision in a contract, insurance policy, or other agreement is invalid because it violates public policy is a question of law, which we review *de novo*. *In re Estate of Feinberg*, 235 Ill. 2d 256, 263 (2009).

¶ 23     Illinois public policy provides that an insurance policy provision may not place an insured in a substantially different position than she would have been had the tortfeasor carried the required insurance coverage mandated by law. *Burgo v. Illinois Farmers Insurance Co.*, 8 Ill. App. 3d 259, 263 (1972). Here, the automobile accident between defendant and the tortfeasor occurred in Wisconsin. Wisconsin law provides that an action to recover damages for personal injury "shall be commenced within three years or be barred." Wis. Stat. § 893.54(1) ( 2008). Thus, had the tortfeasor carried insurance coverage defendant would have had three years to bring a personal injury action against the tortfeasor under Wisconsin law.[1] In contrast, Illinois has a two-year general statute of limitations for personal injury actions. 735 ILCS 5/13-202 (West 2008).

¶ 24     Like Illinois law, section 3 of the policy requires that "any suit, action or arbitration" be brought within two years of the accident or else it is barred. On appeal, defendant argues that section 2 violates Illinois public policy because "it places her in a substantially different position than she would have been in if *** [the tortfeasor] carried the minimum liability insurance." Accepting this argument, the majority finds that because Wisconsin law would have allowed defendant three years to bring a claim against an insured tortfeasor, section 2 is a dilution or diminution of her rights under Wisconsin law and therefore against Illinois public policy. *Supra* ¶ 12. I disagree.

¶ 25     Defendant has failed to provide any authority supporting her claim that the laws of another jurisdiction can somehow be used to show a violation of Illinois public policy. The reason defendant has been unable to cite any supporting authority is because the public policy of each particular state has been carved and developed against the backbone of that particular state's own individual constitution, case law, statutes and supreme court rules. *Feinberg*, 235 Ill. 2d at 265. "When the resolution of an issue turns upon public policy, it is not the role of a court to make policy; rather, the court must ascertain the public policy of this state with reference to the Illinois Constitution, statutes, and long-standing case law." *Kruppe*, 409 Ill. App. 3d at 361. The majority simply ignores this fact and instead chooses to find a violation of Illinois public policy through the arbitrary application of Wisconsin law. I not only believe this holding is legally incorrect, but I fear its progeny will result in the public policy of our state being subjugated to the Constitution, statutes and case law of 49 other states. And one has to wonder how an Illinois court would resolve this issue if there were yet another additional party whose state had a 4-year limitation statute. Thus, I reject both defendant's attempt and the majority's acceptance of *Wisconsin* law to show a violation of *Illinois* public policy.

¶ 26     Instead, I believe an Illinois court must look to Illinois law to determine whether Illinois

---

[1]This assumes Wisconsin law is found to be applicable under a conflict of law analysis.

public policy has been violated. Again, our unique public policy has slowly developed through the analysis of our unique laws. Upon looking to Illinois law, I find the trial court did not err in denying defendant's request to compel arbitration on the basis of her public policy argument. Illinois courts, applying Illinois law, have determined that the language found in section 2 of the policy does not violate Illinois public policy. See *Hannigan v. Country Mutual Insurance Co.*, 264 Ill. App. 3d 336, 342 (1994); *Shelton v. Country Mutual Insurance Co.*, 161 Ill. App. 3d 652, 660 (1987).

¶ 27 This well-accepted holding that the insurance policy's language does not violate Illinois public policy is grounded upon the fact that a two-year policy limitation, such as the one at issue here, does not place the insured in a substantially different position than she would have been had the tortfeasor carried the required insurance coverage mandated by law because Illinois law itself has a two-year general statute of limitations for personal injury actions. See 735 ILCS 5/13-202 (West 2008). I find it extremely troubling that under the majority's analysis, an Illinois citizen, who is involved in a vehicle accident in Wisconsin with an uninsured driver, is somehow afforded broader rights than an Illinois citizen, who is involved in a vehicle accident in Illinois with an uninsured driver. It is this outcome that I believe actually violates public policy.

¶ 28 In reaching this conclusion, I would be remiss if I did not address the fact that both the parties and the majority simply assume that Wisconsin law would be applicable if the tortfeasor were insured. This assumption is apparently based upon the fact that the automobile accident occurred in Wisconsin. This assumption, however, ignores the fact that the parties have sought resolution of their grievances in the courts of Illinois. Thus, without some conflict of laws analysis, it is inappropriate to simply assume the applicability of Wisconsin law. As discussed above, if Wisconsin law were not applicable, defendant would have no public policy argument because Illinois law itself has a two-year general statute of limitations for personal injury actions. While my above analysis would not require addressing this issue, I believe the majority's logic is fatally flawed absent any type of conflict of laws analysis.

¶ 29 For the foregoing reasons, I would affirm the judgment of the trial court denying defendant's request to compel arbitration.