# ILLINOIS OFFICIAL REPORTS

## Supreme Court

---

*Country Preferred Insurance Co. v. Whitehead*, 2012 IL 113365

---

| | |
|---|---|
| Caption in Supreme Court: | COUNTRY PREFERRED INSURANCE COMPANY, Appellant, v. TERRI J. WHITEHEAD, Appellee. |
| Docket No. | 113365 |
| Filed | October 18, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Uninsured motorist coverage which required the bringing of a suit, action or arbitration request within two years did not violate public policy merely because it was applied to an insured who had an accident in Wisconsin, where the limitation period is three years. |
| Decision Under Review | Appeal from the Appellate Court for the Third District; heard in that court on appeal from the Circuit Court of Will County, the Hon. Barbara N. Petrungaro, Judge, presiding. |
| Judgment | Appellate court judgment reversed.<br>Circuit court judgment affirmed.<br>Cause remanded. |

Counsel on Appeal

Michael Resis, Victor J. Piekarski and Ellen L. Green, of SmithAmundsen LLC, and Keith G. Carlson, all of Chicago, for appellant.

Pretzel & Stouffer, Chtrd., of Chicago (Robert Marc Chemers and Heather E. Plunkett, of counsel), for appellee.

Craig L. Unrath, of Heyl, Royster, Voelker & Allen, of Peoria, for *amicus curiae* Property Casualty Insurers Association of America.

Justices

JUSTICE KARMEIER delivered the judgment of the court, with opinion.

Justices Freeman, Thomas, Garman, Burke, and Theis concurred in the judgment and opinion.

Chief Justice Kilbride dissented, with opinion.

**OPINION**

¶ 1     The issue presented in this appeal is whether a two-year contractual limitation on claim arbitration in an auto insurance policy violates Illinois public policy where an Illinois insured was involved in an accident in Wisconsin with an uninsured motorist and that state has a *three-year* statute of limitations on the commencement of suit for injuries resulting from the accident. In the course of a declaratory judgment action filed by plaintiff, Country Preferred Insurance Company (hereafter Country Preferred), against its insured, defendant, Terri J. Whitehead, the circuit court of Will County denied Whitehead's motion to compel arbitration, and she took an interlocutory appeal from that order. A divided appellate court reversed and remanded, holding, under the circumstances, that the two-year limitation period in the parties' insurance contract violated Illinois public policy. 2011 IL App (3d) 110096. We granted Country Preferred's petition for leave to appeal (Ill. S. Ct. R. 315 (eff. Feb. 26, 2010)), and now reverse the judgment of the appellate court.

¶ 2                         BACKGROUND

¶ 3     The following factual allegations are taken from the parties' pleadings in the declaratory judgment action initiated by Country Preferred on October 30, 2009.

¶ 4     In its complaint for declaratory judgment, Country Preferred stated that Whitehead claimed, "[o]n July 27, 2007," "she was in an automobile accident with a vehicle driven by Mario Lopez-Juarez in the town of Delevan, [*sic*] State of Wisconsin." Plaintiff alleged: "On October 6, 2009, Whitehead first advised Country Preferred that she was making a demand under the policy as a result of the accident." In support of the allegation, plaintiff attached a copy of a letter from Whitehead's counsel bearing that date. Plaintiff acknowledged that

-2-

defendant's letter of October 6 "made a demand under the Policy in connection with the accident"; however, plaintiff concluded "it did not make a demand for arbitration or name an arbitrator."

¶ 5     The next paragraph of the complaint provides the policy language at issue in this controversy—the "conditions" section governing "uninsured-underinsured motorists" coverage:

> "Legal Action Against Us. No suit, action or arbitration proceedings for recovery of any claim may be brought against us until the insured has fully complied with all the terms of this policy. Further, any suit, action or arbitration will be barred unless commenced within two years from the date of the accident."

¶ 6     The complaint alleged that Whitehead had two years from the date of the accident to make a written demand for uninsured-motorist arbitration—"or until July 27, 2009"—and, because she did not do so within the applicable two-year period, Country Preferred contended she is time-barred from ever making an uninsured-motorist claim under the policy.

¶ 7     Country Preferred requested findings that: (1) Whitehead had two years from the date of the accident to make a written demand for uninsured-motorist arbitration under the policy; (2) Whitehead is time-barred from making or pursuing any uninsured-motorist claim under the policy; and (3) Whitehead has no rights under the policy in connection with the accident.

¶8     In Whitehead's answer and counterclaim, filed January 11, 2010, she denied that she first advised plaintiff, by letter dated October 6, 2009, that she was making a demand under the policy. She denied that, as a result of the policy provision at issue, she had two years from the date of the accident to make a written demand for uninsured-motorist arbitration. Finally, Whitehead denied that, because she did not make a written demand for uninsured-motorist arbitration on or before July 27, 2009, she is time-barred from ever making an uninsured-motorist claim under the policy.

¶ 9     In her counterclaim, Whitehead provided factual allegations regarding the parties' communications after the accident. She attached to her pleading copies of all correspondence referenced therein.

¶ 10     According to Whitehead, following the accident, she made a claim with Country Preferred for uninsured-motorist coverage benefits, and Country Preferred assigned a claim number, 102-37190, and a claim representative, Andrea Dunmore. Dunmore, by letter dated October 17, 2007, advised Whitehead: "I need your assistance in settling your claim as quickly and fairly as possible." Enclosed with the letter was a form entitled "Notice of Claim Uninsured Motorist Coverage Underinsured." Whitehead stated that she signed the form provided by Country Preferred in the presence of a notary on November 9, 2007.

¶ 11     Whitehead stated that Dunmore did not settle her uninsured-motorist claim "as quickly and fairly as possible," as Whitehead received a subsequent letter from Dunmore, dated November 26, 2008, in which Dunmore asked Whitehead to "contact our office to discuss your open claim for bodily injury under your uninsured motorist coverage portion of your policy." She noted that the letter bore a different claim number than the one originally assigned to her claim.

-3-

¶ 12    Dunmore next wrote Whitehead on February 13, 2009, requesting that Whitehead contact Dunmore on her direct telephone line regarding the injury portion of Whitehead's "open Uninsured Motorist claim." In that letter, Dunmore asked Whitehead to submit itemized medical bills and a list of all medical providers so Country Preferred could "secure their corresponding medical reports" in order to "process and evaluate your claim." Dunmore observed: "Explanation of Benefits from your health insurance company are not medical bills." Whitehead alleged that a records authorization form was also enclosed with Dunmore's correspondence; however, Whitehead's pleading does not speak to its disposition.

¶ 13    Whitehead stated the next correspondence between the parties was a May 5, 2009, letter her attorney wrote to Dunmore advising the latter of counsel's representation. By a separate letter of the same date, counsel advised Dunmore that Whitehead had "placed in [counsel's] hands as her attorney, for collection a certain suit, claim, demand or cause of action against you growing out of the negligence of a certain uninsured motorist *** in an accident on or about July 21, 2007,"[1] and that counsel had been retained on account of "such suit, claim, demand or cause of action."

¶ 14    By letter dated May 12, 2009, Dunmore acknowledged counsel's lien concerning Whitehead's "claim" and requested that counsel forward "the specials, supporting material and your tax identification." Dunmore stated: "Upon receipt, I will give your client's claim prompt attention." Again, Whitehead's pleading does not speak to her response to that letter.

¶ 15    From the aforementioned factual allegations, Whitehead concluded that Country Preferred, through Dunmore, was "aware of" Whitehead's uninsured-motorist "claim" soon after the accident occurred—"at least as early as October 2007"—since "Country opened a claim file and sought the assistance of Whitehead to settle her claim." Whitehead acknowledged that Country Preferred apprised her, in correspondence, of its position that there was a two-year "statute of limitations" applicable to her "bodily injury uninsured motorist claim." Whitehead contended it was "vexatious and unreasonable for Country to advise its insured that she [had] a limited period of time to make a claim, which claim had been made and acknowledged by the insurer more than one year earlier."

¶ 16    In paragraph 20 of the first count of her counterclaim, Whitehead set forth what is, in essence, the position that led to the appeal presently before this court. We quote that paragraph, including its subparagraphs, in its entirety:

    "20. The two year limitation in the policy Country sold to Whitehead has no application in connection with the July 21, 2007 Wisconsin motor vehicle accident involving Whitehead and an uninsured motorist for the following reasons:

        (a) The statute of limitations for Whitehead to bring an action against Mario Lopez Juarez for her personal injuries is three years pursuant to Wis. Stats.

---

[1]In its complaint, Country Preferred states that the accident is claimed to have occurred on July 27, 2007. In her answer, Whitehead confirms that date and continues to recite that date early in her counterclaim. Midway through her counterclaim, she states that the date of the accident was July 21, 2007. We note the discrepancy, though it is not significant in our analysis or resolution of the issue before us.

893.54(1) which provides, as follows:

893.54 Injury to the person. The following actions shall be commenced within 3 years or be barred;

(1) An action to recover damages for injuries to the person.

(b) Country cannot legally reduce the limitation period for arbitration beyond the applicable period of limitation upon the tort claim itself, hence if the tort claim is not barred or it can be brought, here, in Wisconsin, the arbitration claim is not and cannot be barred.

(c) An attempt through contract to time bar a claim not barred in the State where the accident occurred and where the bodily injury tort arose, is invalid, improper and unenforceable.

(d) The two year limitation in the Country policy when applied to a claim which has a three year statute of limitations is a dilution or diminution of the Illinois Uninsured Motorist statute, 215 ILCS § 5/143a, and is an impermissible attempt to defeat the intent and the purpose of the statute.

(e) The Uninsured Motorist statute does not mention a time limit in which the insured may exercise her rights, hence a contractual limitation which precludes the exercise of those rights before the expiration of the statute of limitations for the tort claim is arbitrary, capricious, unreasonable and against Illinois public policy.

(f) If the practical effect of the contractual limitation provision is to deprive Whitehead of the uninsured motorist coverage required by statute, then the provision, under these circumstances, should be deemed void and of no effect, as the contractual limitation may not place Whitehead in a substantially different position than she would have been had the adverse driver, Mario Lopez Juarez, carried insurance coverage."

¶ 17    In addition to count I of her counterclaim, the precise nature of which was not specified by labeling, Whitehead set forth three other counts entitled: "Count II (Breach of Contract)"; "Count III (Declaratory Judgment Re: Demand for Arbitration)"; "Count IV (Statutory Bad Faith for Vexatious and Unreasonable Conduct)." Those counts incorporated by reference the paragraphs comprising the first count of Whitehead's counterclaim. Those counts reiterate, to some extent, the position taken by Whitehead in count I of the counterclaim. Since the narrow issue before us is adequately defined by reference to count I of the counterclaim, we deem it unnecessary to address those counts further at this juncture.

¶ 18    On February 16, 2010, Country Preferred filed an answer to Whitehead's counterclaim. Pertinent to this appeal, Country Preferred admitted "that on October 6, 2009, it received a claim for UIM benefits under the policy," though it pointed out it still had "never received a written demand for arbitration naming an arbitrator as required under the policy." Country Preferred denied that Whitehead had attached a completed notice of claim form to her counterclaim, as she alleged. Country Preferred admitted that "the policy contains a two year limitation period for making an uninsured-motorist claim requiring a written demand for arbitration naming an arbitrator within two years of the date of the accident," and Country Preferred claimed that Whitehead had been repeatedly advised of that requirement. Country

Preferred admitted that "it denies Whitehead's claim to the extent she asserts that the limitations period in the policy for uninsured motorist coverage is not enforceable." Country Preferred also admitted that it had "contacted Whitehead on several occasions to resolve any claim and to advise of the deadline for making a demand"; however, it averred "she never made a timely demand for uninsured motorist benefits as required under the policy."

¶ 19   On July 20, 2010, Whitehead filed a motion to compel arbitration, with a supporting memorandum attached. In that memorandum, Whitehead alleged that the parties were in disagreement over the amount owed Whitehead, and she stated:

> "Despite the admitted existence of the arbitration agreement, Country contends it is not required to arbitrate the UM claim because it was not made within two years of the accident as required by the policy. Whitehead denies that the UM claim was not made within two years of the accident[;] however, even if it wasn't, Whitehead contends that Country can not have a contractual limitation in its policy that places its insured in a substantially different position than she would have been in had the tortfeasor carried the insurance required by statute because such a limitation violates public policy."

In addition to various appellate court opinions, Whitehead cited this court's decision in *Severs v. Country Mutual Insurance Co.*, 89 Ill. 2d 515 (1982), in support of that argument.

¶ 20   On January 26, 2011, the circuit court entered an order denying Whitehead's motion to compel arbitration. At the outset, the circuit court made the following finding: "Defendant [Whitehead] *** first made a claim for uninsured motorist benefits to her insurer, Plaintiff, on October 6, 2009." The court then went on to consider, given the circumstances, whether "the arbitration demand is timely and Plaintiff should be forced to arbitration." In considering that question, the court first referenced the two-year limitation provision in the parties' insurance contract concerning the initiation of "suit, action, or arbitration proceedings" against Country Preferred. The circuit court noted that "courts in Illinois have repeatedly determined that similar language as this policy did not violate public policy." The court acknowledged Whitehead's argument—that the Wisconsin statute of limitations for suing the tortfeasor should apply in this contractual context—however, the court observed "no case law has been presented to that effect." The court rejected, *inter alia*, Whitehead's reliance upon *Severs*, noting that this court's holding in that case was driven by the fact that *a minor's* rights were at stake and that this court in *Severs* concluded "a minor should not be precluded from enforcing his rights unless clearly debarred from so doing by some statute or constitutional provision."

¶ 21   On February 7, 2012, Whitehead filed a notice of interlocutory appeal from the circuit court's order. The sole issue on appeal was whether the policy provision in question, given the circumstances of this case, violates Illinois public policy.

¶ 22   The appellate panel split on that issue, with the majority view resulting in reversal and remand. In reaching its conclusion that the policy provision violates Illinois public policy, the majority discussed various appellate decisions, but *Severs* was the only precedent from this court to figure substantively in the majority's analysis. The majority first cited *Severs* for the broad proposition that "[a]n insurance policy violates Illinois public policy when it places an injured party in a substantially different position than if the tortfeasor had carried

insurance." 2011 IL App (3d) 110096, ¶ 8 (citing *Severs*, 89 Ill. 2d at 519-20). Then, in one paragraph, the appellate majority discussed the holding and circumstances in *Severs*:

> "[I]n *Severs*, the supreme court held that a two-year contractual limitation against a minor was unenforceable because it shortened the time within which the minor was required to file suit. *Severs*, 89 Ill. 2d at 519-20. The court explained that the uninsured motorist statute required that the minor 'be allowed the same period of time within which to bring suit that she would have had if the driver *** had been insured.' *Id*. at 519. In Illinois, a minor has two years after attaining age 18 to file suit. See *id*. at 519-20 (citing Ill. Rev. Stat. 1973, ch. 83, ¶ 22 (now see 735 ILCS 5/13-211 (West 2008))). The two-year policy provision restricted that limitations period and placed the minor in a substantially different position than she would have been in if the tortfeasor had carried insurance. See *Severs*, 89 Ill. 2d at 520. Thus, the two-year limitation in the policy deprived the minor of the uninsured motorist coverage required by statute and could not be used against the minor. *Id.*; see also *Kerouac*, 99 Ill. App. 3d at 262." 2011 IL App (3d) 110096, ¶ 11.

¶ 23 The appellate majority acknowledged that Illinois appellate decisions have approved a two-year contract limitation; however the appellate court noted that the courts in those cases "upheld a two-year policy limitation because it was the same length as the statute of limitations for personal injuries occurring in Illinois. *** As such, the insureds were placed in the same position they would have been in had the offending motorist been insured." 2011 IL App (3d) 110096, ¶ 13. The appellate majority concluded: "Here, the two-year period contained in the policy at issue violates public policy as to defendant because it effectively shortens the applicable Wisconsin statute of limitations from three years to two years. Thus, it places defendant in a 'substantially different' position than if the other driver had been insured." 2011 IL App (3d) 110096, ¶ 12.

¶ 24 Justice McDade, in dissent, first sought to clarify that the *sole* issue before the court was whether the two-year time limitation in the parties' insurance contract is against Illinois public policy. 2011 IL App (3d) 110096, ¶¶ 19-21 (McDade, J., dissenting). She observed: "This scope *** would not mean that defendant cannot contest the issue of timeliness in the underlying declaratory judgment proceedings. The record reveals that defendant's answer to plaintiff's complaint for declaratory judgment expressly denies plaintiff's allegation that she 'did not make a written demand for uninsured-motorist arbitration on or before July 27, 2009.' " *Id*. ¶ 21.

¶ 25 On the merits, the dissent pointed out that Whitehead had "failed to provide any authority supporting her claim that the laws of another jurisdiction can somehow be used to show a violation of Illinois public policy." *Id*. ¶ 25. Citing Illinois appellate decisions, the dissent observed—as did the majority—that "Illinois courts, applying Illinois law, have determined that the language found in section 2 of the policy does not violate Illinois public policy." *Id*. ¶ 26. That, the dissenter stated, is because a two-year policy limitation does not place the insured in a "substantially different position than she would have been had the tortfeasor carried the required insurance coverage mandated by law" insofar as "Illinois law itself has a two-year general statute of limitations for personal injury actions." *Id*. ¶ 27. The dissenting justice concluded: "I find it extremely troubling that under the majority's analysis, an Illinois

citizen, who is involved in a vehicle accident in Wisconsin with an uninsured driver, is somehow afforded broader rights than an Illinois citizen, who is involved in a vehicle accident in Illinois with an uninsured driver." *Id*. ¶ 27.

¶ 26                                                    ANALYSIS

¶ 27    Whether a provision in a contract, insurance policy, or other agreement is invalid because it violates public policy is a question of law, which we review *de novo*. *Phoenix Insurance Co. v. Rosen*, 242 Ill. 2d 48, 54 (2011); *In re Estate of Feinberg*, 235 Ill. 2d 256, 263 (2009).

¶ 28    In deciding whether an agreement violates Illinois public policy, we must determine whether the agreement is so capable of producing harm that its enforcement would be contrary to the public interest. *Phoenix*, 242 Ill. 2d at 55; *Feinberg*, 235 Ill. 2d at 265-66. It is in the interest of the public that persons should not be unnecessarily restricted in their freedom to make their own contracts. *Phoenix*, 242 Ill. 2d at 55; *First National Bank of Springfield v. Malpractice Research, Inc.*, 179 Ill. 2d 353, 359 (1997). Consequently, the power to declare a private contract invalid on public policy grounds is exercised sparingly. *Phoenix*, 242 Ill. 2d at 55; *Progressive Universal Insurance Co. of Illinois v. Liberty Mutual Fire Insurance Co.*, 215 Ill. 2d 121, 129 (2005). An agreement will not be invalidated unless it is clearly contrary to what the constitution, the statutes, or the decisions of the courts have declared to be the public policy of Illinois, or unless it is manifestly injurious to the public welfare. *Phoenix*, 242 Ill. 2d at 55; *Progressive Universal*, 215 Ill. 2d at 129-30. Those who would invalidate an agreement carry a heavy burden of demonstrating a violation of public policy. *Phoenix*, 242 Ill. 2d at 55; *Mohanty v. St. John Heart Clinic, S.C.*, 225 Ill. 2d 52, 65 (2006). Whether an agreement violates public policy depends on the particular facts and circumstances of the case. *Kleinwort Benson North America, Inc. v. Quantum Financial Services, Inc.*, 181 Ill. 2d 214, 226 (1998).

¶ 29    We clarify at the outset—though it seems elementary—that the matter before us does not involve a suit, dispute, or agreement between Whitehead and Lopez-Juarez, the uninsured motorist who allegedly injured her in Wisconsin; the controversy in this case concerns the enforceability of a contractual limitation on arbitration between these parties to a contract for insurance coverage. An agreement to submit to arbitration is a matter of contract. *Carr v. Gateway, Inc.*, 241 Ill. 2d 15, 20 (2011); *Salsitz v. Kreiss*, 198 Ill. 2d 1, 13 (2001). The parties to a contract may agree to a shortened contractual limitation period to replace a statute of limitations, so long as it is reasonable. *Zerjal v. Daech & Bauer Construction, Inc.*, 405 Ill. App. 3d 907, 915 (2010); *Medrano v. Production Engineering Co.*, 332 Ill. App. 3d 562, 575 (2002); see also *Travelers Casualty & Surety Co. v. Bowman*, 229 Ill. 2d 461, 475 (2008) (discussing the holding of *Medrano*). In the absence of specific and clear provisions limiting the period within which suits must be filed, the 10-year statute of limitations for actions on written contracts is applicable to actions by insureds against their insurers based on insurance policies. *Dial Corp. v. Marine Office of America*, 318 Ill. App. 3d 1056, 1066 (2001); *Murphy v. United States Fidelity & Guaranty Co.*, 120 Ill. App. 3d 282, 286-87 (1983). As we suggest hereafter, there may be valid reasons for shortening that limitation period by contract where, as here, a motor vehicle accident is involved.

¶ 30    The principal purpose of the mandatory liability insurance requirement is to protect the

public by ensuring adequate compensation for damages and injuries sustained in motor vehicle accidents. *Phoenix*, 242 Ill. 2d at 57; *Progressive Universal*, 215 Ill. 2d at 129. To that end, the legislature has required uninsured-motorist coverage to place the policyholder in substantially the same position he would occupy, so far as his being injured or killed is concerned, if the wrongful driver had had the minimum liability insurance required by the Illinois Safety and Family Financial Responsibility Law. *Phoenix*, 242 Ill. 2d at 57; *Ullman v. Wolverine Insurance Co.*, 48 Ill. 2d 1, 4 (1970). It is in the context of "compensation" that we have said the policyholder must be placed in "substantially the same position." The statute requiring an insurance policy to have an uninsured-motorist clause, section 143a of the Insurance Code (215 ILCS 5/143a (West 2006)), does not mention a time limit in which the insured may exercise his or her rights under the uninsured-motorist provisions of a policy. *Severs*, 89 Ill. 2d at 518-19 (recognizing as much). Section 7-203 of the Financial Responsibility Law (625 ILCS 5/7-203 (West 2006)), which sets out minimum financial requirements for uninsured-motorist coverage, does not set forth a required limitations period either.

¶ 31    As the appellate court recently observed in *Rein v. State Farm Mutual Automobile Insurance Co.*, 407 Ill. App. 3d 969, 973 (2011), no authority suggests that a similar two-year limitation period in an insurance policy contravenes Illinois public policy. In fact, Whitehead admits "the Country Preferred provision at issue has been reviewed by Appellate Courts throughout the State numerous times" with consistent findings that "the policy provision did not violate public policy." However, Whitehead states that those courts so held "because the time limitation provision in each policy was equal to the statute of limitations which the insured would have had to file a claim against an uninsured motorist." Whitehead contends that the "two-year time limitation provision when applied to a [personal injury] claim [such as hers] which has a three-year statute of limitations is void as against Illinois uninsured motorist public policy." We disagree.

¶ 32    Although Whitehead has articulated no rationale for requiring contractual dispute resolution procedures, in this context, to correspond *precisely* with the statutory time period allotted for filing an action against the tortfeasor, we note, in any event, that the Illinois legislature, long ago, determined that two years was a sufficient period of time for a legally competent tort victim, suffering personal injuries, to ascertain the extent of those injuries, as well as the identity and status of the person or entity causing them, and to file suit for damages. See 1827 Ill. Laws 285, § 2 ("[A]ll actions of trespass for assault, battery, wounding and imprisonment, or any of them, shall be commenced within two years next after the cause of such actions shall have accrued, and not after."). That policy determination has been in place for well over 185 years and remains the law in Illinois to this day. See 735 ILCS 5/13-202 (West 2010). Like any statute of limitations, the purpose of the limitation is "to require the prosecution of a right of action within a reasonable time to prevent the loss or impairment of available evidence and to discourage delay in the bringing of claims." *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.*, 61 Ill. 2d 129, 132 (1975). The same considerations that have resulted in a two-year statute of limitations for bringing a personal injury action in Illinois militate in favor of the expeditious resolution of uninsured-motorist claims under an insurance contract.

¶ 33    Although Wisconsin has made different policy determinations—a three-year statute of limitations applicable to the underlying claim against the tortfeasor, and a six-year limitation period for bringing an action against the injured party's insurer for uninsured-motorist benefits (see *Sahloff v. Western Casualty & Surety Co.*, 171 N.W.2d 914, 915, 916 (Wis. 1969) (also noting that "no judgment against the uninsured motorist" is required "before suing the insurance company"))—we see no reason why Wisconsin's policy determinations should control the result in this case. We, like the dissenting appellate justice (see 2011 IL App (3d) 110096, ¶ 25 (McDade, J., dissenting)), discern no rationale or precedent supporting the proposition that the laws of another jurisdiction can be used to show a violation of Illinois public policy nor, for that matter, why the period for seeking dispute resolution under the contract must mirror whatever statute of limitations is applicable to a suit against the tortfeasor. Even Wisconsin does not recognize that linkage. That said, the contractual limitation period in the parties' insurance contract *does* correspond with the limitation period our legislature has deemed appropriate for a suit against the motorist at fault.

¶ 34    In the end, the critical consideration, as we see it, is whether the two-year time limitation to which the insured and insurer agreed for dispute resolution procedures between them—which happens to correspond precisely with Illinois' two-year statute of limitations for filing a personal injury action—allows the insured sufficient time to ascertain the basis for, and dimensions of, her uninsured-motorist claim, and, if necessary, to take the steps, in accordance with the terms of the policy, to initiate dispute resolution procedures. Whitehead persists in arguing for application of the three-year Wisconsin limitation period for filing a personal injury action, but even at this juncture she has failed to explain why she could not have properly initiated dispute resolution procedures within the contractual limitation period of two years. Nothing of record indicates that Whitehead lacked information necessary to pursue her claim against Country Preferred in a timely manner or that she was legally incompetent to do so. The fact that she was, apparently, competent to oversee her own claim is the principal factor distinguishing this case from *Severs*, upon which Whitehead relies.

¶ 35    In *Severs*, a minor, Mary Severs, was injured in an automobile accident. Her father, Perry Severs, was insured by Country Mutual Insurance Company. Mary's parents filed a declaratory judgment action seeking a declaration of rights under the insurance policy. Pertinent to our purposes, the circuit court found that coverage under the uninsured-motorist provisions of the policy extended to the injured minor, but the court ruled that plaintiffs had failed to comply with the policy requirement that any action under the uninsured-motorist provisions be commenced within two years of the accident. The result was dismissal of plaintiffs' complaint with prejudice. *Severs*, 89 Ill. 2d at 517-18. The appellate court reversed, holding that the provision requiring suit for recovery under the uninsured-motorist proviso of the policy to be brought within two years was against public policy when applied in the case of a minor. *Severs*, 89 Ill. 2d at 518.

¶ 36    This court granted leave to appeal, identifying the sole issue as whether the contract provision requiring that an action be commenced within two years after occurrence of the loss or casualty "is valid as applied to a minor." *Severs*, 89 Ill. 2d at 518. The *Severs* court first noted the purpose of section 143a of the Insurance Code, *i.e.*, "to insure that persons

-10-

injured by an uninsured motorist are protected at least to the extent that compensation is made available for persons injured by a motorist insured for the minimum limits under section 7-203 of the Illinois Safety Responsibility Law." *Severs*, 89 Ill. 2d at 519. The court found it logical to presume the legislature intended that "both classes of injured persons *** must be allowed the same period of time within which to bring suit." *Severs*, 89 Ill. 2d at 519. The court then noted, had the driver of the vehicle been insured as required by law, "Mary [Severs'] action would not have been barred until two years after she had reached the age of majority." See *Severs*, 89 Ill. 2d at 519-20 (citing, *inter alia*, Ill. Rev. Stat. 1973, ch. 83, ¶ 22 (now 735 ILCS 5/13-211 (West 2010) ("If the person entitled to bring an action, *** at the time the cause of action accrued, is under the age of 18 years, or is under a legal disability, then he or she may bring the action within 2 years after the person attains the age of 18 years, or the disability is removed."))). Stating that the purpose underlying the statute could not be circumvented by the insertion of a contrary or restricting provision in the insurance policy, this court observed that "[t]he practical effect of the policy provision *** would deprive an insured minor, who could not in her own behalf file an action, of the uninsured motorist coverage required by statute." *Severs*, 89 Ill. 2d at 520. The court concluded that "the provision may not be asserted as a bar to recovery by a minor." *Severs*, 89 Ill. 2d at 520.

¶ 37    The court went on to support its holding by addressing the pertinent "legal disabilities" imposed on minors in general, and applicable to Severs in particular, noting that a minor could not enter into a contract which could be enforced against him, and that a minor could not bring suit in his own name. *Severs*, 89 Ill. 2d at 520. The court cited case law confirming the proposition that minor litigants are "entitled to special protection by the courts, particularly to see that their rights are protected even from the neglect of their representative in order to do substantial justice." *Severs*, 89 Ill. 2d at 520-21 (citing *Brandon v. DeBusk*, 85 Ill. App. 3d 645, 648 (1980), and *Country Mutual Insurance Co. v. Kuzmickas*, 2 Ill. App. 3d 313 (1971)). There is no citation in *Severs* to Illinois' statute of limitations governing personal injury actions.

¶ 38    Whitehead insists "[t]here is no difference between what this Court did in *Severs* and what the Appellate Court has done here by reversing the trial court's ruling." We disagree. There *is* a difference—in fact there are *two* features distinguishing this scenario from *Severs*. Whitehead would have us stretch the holding of *Severs* well beyond its facts and intended purview (1) by applying the holding in such a way as to incorporate a foreign statute of limitation longer than either Illinois' two-year statute of limitation applicable to personal injury actions or the corresponding two-year limitation period in the parties' insurance contract that were applicable in that case, and (2) by applying a holding intended to protect a legal incompetent (Severs) to a person (Whitehead) who, not only was legally competent—as far as we can tell from the record—but who also appears to have encountered no unusual obstacles to timely filing. This we cannot do.

¶ 39    As we observed at the outset, whether an agreement violates "public policy depends on *the particular facts and circumstances of the case*." (Emphasis added.) *Kleinwort Benson*, 181 Ill. 2d at 226. Statements made in *Severs* must be placed in the context of the facts and circumstances there at issue: an injured two-year-old whose rights were determined solely

by reference to Illinois statutory authority. We agree with those appellate panels that have found this two-year contractual limitation does not violate Illinois public policy when applied to a legally competent plaintiff. We do not believe a different result is warranted where, as here, the accident takes place in a jurisdiction with a longer statute of limitations for filing personal injury actions. Whitehead could have pursued a personal injury action in Wisconsin against Lopez-Juarez. She chose to file a claim for uninsured-motorist benefits under her insurance policy. We find that the two-year time limitation to which Whitehead and Country Preferred agreed for dispute resolution procedures between them is reasonable and consistent with Illinois public policy, given the facts alleged in this case, insofar as it allowed Whitehead what our legislature has deemed a sufficient amount of time to ascertain the basis for, and dimensions of, her uninsured-motorist claim, and, if necessary, to take steps to initiate dispute resolution procedures. Whitehead has failed to sustain her burden of demonstrating a violation of public policy given the particular facts and circumstances of this case.

¶ 40    Although the parties' arguments before this court have focused exclusively on the public policy issue that prompted us to take this case, comments of the dissenting appellate justice regarding her perception of what was and was not decided in the circuit court point up the need to address that issue as well. We note that the circuit court, in its dispositive order of January 26, 2011, found that Whitehead "first made a *claim* for uninsured motorist benefits to her insurer, Plaintiff, on October 6, 2009." (Emphasis added.) It seems clear, from this prefatory reference, that the court believed some type of "action," as defined by the policy, was initiated by Whitehead on that date, but the action, in any event, was untimely. The use of the term "claim" in this context is not, in our view, synonymous with taking "legal action" against the insurer, defined in this policy as "suit, action or arbitration proceedings." In any event, our review of the facts alleged in the parties' pleadings indicates that Whitehead never initiated any type of legal action to settle her claim within the applicable time frame, and the circuit court so found.

¶ 41    For the reasons stated, we reverse the judgment of the appellate court and affirm the judgment of the circuit court. We remand this matter to the circuit court for any further action, consistent with this opinion, on the remaining counts of Whitehead's counterclaim.


¶ 42    Appellate court judgment reversed.

¶ 43    Circuit court judgment affirmed.

¶ 44    Cause remanded.


¶ 45    CHIEF JUSTICE KILBRIDE, dissenting:

¶ 46    The majority holds that a two-year limitation on claim arbitration in an insurance policy does not violate Illinois public policy when the state where the accident occurred has a longer statute of limitations. "[T]he public policy behind the uninsured motorist statute is to place the injured party in substantially the same position he would be in if the uninsured driver had been insured." *Hogland v. State Farm Mutual Automobile Insurance Co.*, 148 Ill. 2d 272, 279 (1992). I believe the majority's holding contravenes the public policy

-12-

underlying Illinois's uninsured-motorist statute, and I respectfully dissent.

¶ 47    I agree with the appellate court that the two-year limitation on claim arbitration in the automobile insurance policy violates Illinois public policy in this case by effectively shortening the applicable Wisconsin statute of limitations from three years to two years. Relying on this court's decision in *Severs v. Country Mutual Insurance Co.*, 89 Ill. 2d 515 (1982), the appellate court concluded that the policy provision violated Illinois public policy.

¶ 48    In *Severs*, this court held that a two-year contractual limitation against a minor was unenforceable because it shortened the time when the minor was required to file suit. *Severs*, 89 Ill. 2d at 519-20. We recognized that the legislative intent in enacting the uninsured-motorist provision "was in part to insure that persons injured by an uninsured motorist are protected at least to the extent that compensation is made available for persons injured by a motorist insured for the minimum limits under *** the Illinois Safety Responsibility Law [citation]." *Severs*, 89 Ill. 2d at 519. Thus, we determined that the uninsured-motorist statute required that an injured minor "be allowed the same period of time within which to bring suit that she would have had *if the driver *** had been insured.*" (Emphasis added.) *Severs*, 89 Ill. 2d at 519. Since, under Illinois law, a minor had two years after attaining age 18 to file suit, the two-year policy provision restricted that limitations period and deprived the minor of uninsured-motorist coverage required by statute. Accordingly, we held that the limitations provision of the policy could not be used to bar recovery by a minor. *Severs*, 89 Ill. 2d at 520.

¶ 49    *Severs* is equally applicable in this case. Here, the accident occurred in Wisconsin, where there is a three-year statute of limitations. If the wrongful driver had been insured, the injured defendant's action would not have been barred until three years after the date of the accident. The two-year limitation contained in the uninsured-motorist policy provision here shortens the applicable Wisconsin statute of limitations from three years to two years. Thus, the provision violates public policy as to the injured defendant because it effectively deprives the injured defendant of the uninsured-motorist coverage required by Illinois' statute.

¶ 50    The Insurance Code requires insurers to offer uninsured-motorist coverage in all automobile policies. 215 ILCS 5/143a (West 2006). Uninsured-motorist coverage is "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles." 215 ILCS 5/143a(1) (West 2006).

¶ 51    Insured claimants who are legally entitled to recover damages from owners or operators of uninsured motor vehicles "are statutorily entitled to coverage, and policy language which attempts to further restrict the right to coverage violates the language and intent of the statute." *Illinois Farmers Insurance Co. v. Cisco*, 178 Ill. 2d 386, 393-94 (1997). "[T]erms of an insurance policy cannot circumvent the underlying purpose of a statute." *State Farm Mutual Automobile Insurance Co. v. Illinois Farmers Insurance Co.*, 226 Ill. 2d 395, 401 (2007) (citing *State Farm Mutual Automobile Insurance Co. v. Smith*, 197 Ill. 2d 369, 372 (2001), and *Cummins v. Country Mutual Insurance Co.*, 178 Ill. 2d 474, 483 (1997)). Here, the insured is "legally entitled" to recover damages from the operator of the uninsured motor vehicle for injuries she sustained in the accident that occurred in Wisconsin, subject to Wisconsin's three-year statute of limitations.

¶ 52    I note that the Wisconsin Supreme Court has not hesitated to strike similar provisions in uninsured-motorist insurance policies that violate Wisconsin's statutory mandate. In *Nixon v. Farmers Insurance Exchange*, 201 N.W.2d 543, 545 (Wis. 1972), a policy requiring commencement of suit or arbitration proceedings within one year from the date of the accident was deemed to violate Wisconsin's uninsured-motorist coverage statute. Wisconsin's statute contained language identical to Illinois's uninsured-motorist statute, providing that uninsured-motorist coverage is "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles." Wis. Stat. § 204.30(5)(a) (1967). The Wisconsin Supreme Court struck down the policy provision because it reduced the normal period of the three-year statute of limitations, thus failing to provide the statutorily required protection of persons "who are legally entitled to recover damages from owners or operators of uninsured motor vehicles." (Internal quotation marks omitted.) *Nixon*, 201 N.W.2d at 545.

¶ 53    There is no question that the policy limitation at issue in this case fails to provide the statutorily required protection of persons "who are legally entitled to recover damages from owners or operators of uninsured motor vehicles" when an Illinois resident has the misfortune of being injured in an accident that occurs in Wisconsin with an uninsured motorist. The insurance company is well aware of the risk that its insured may become involved in an accident while traveling in a state that has a three-year statute of limitations, including Wisconsin. The insured pays a premium for uninsured-motorist coverage, and it is reasonable for the insured to expect that the uninsured-motorist policy she purchased will provide coverage as long as she is legally entitled to recover damages under Wisconsin law. I believe it is fundamentally unfair that the insurance company accepts insurance premiums and then attempts to limit its liability by use of a limitation provision shorter than the statutory period of states where its insured may travel. Additionally, the insurance company here had full and complete notice of the accident, assigned a claim number to defendant's uninsured-motorist claim soon after the accident occurred, and the parties engaged in settlement negotiations within the two-year period.

¶ 54    The policy provision at issue shortens the statute of limitations to bring the injury suit in Wisconsin from three years to two years. I would hold that the contract provision limiting the arbitration demand to two years after the accident violates Illinois public policy as to defendant because it fails to allow defendant "the same period of time within which to bring suit that she would have had *if the [uninsured] driver *** had been insured.*" (Emphasis added.) *Severs*, 89 Ill. 2d at 519. I therefore respectfully dissent.

-14-