### GIBSON *v.* MARTIN.

1. GAMING—CHANCE—DEFINITION OF GAMBLING.

   Machine whereby player stands to win or lose money, trade checks or prizes by a chance is a gambling device obnoxious to statute directed against gaming or gambling devices (Act No. 328, 303, Pub. Acts 1931).

2. SAME—PIN-BALL GAMES.

   Pin-ball games having five balls which are propelled by a lever released by the player so that balls hit various bumpers causing the machine to register numbers which, if totalling a certain designated amount, entitle player to number of games designated which he may play free or obtain cash for number of games won *held*, gaming devices.

3. CONTRACTS—PIN-BALL GAMES—PUBLIC POLICY.

   Contract with defendant to install and operate pin-ball games in defendant's places of business which were gaming devices was void as against public policy, hence not specifically enforceable.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONTRACTS—PUBLIC POLICY—PLEADING.

   In suit for specific performance of contract relating to gaming devices, the Supreme Court is not precluded from consideration of defense of public policy notwithstanding such defense was not pleaded where the question was raised before the trial court and again in the briefs filed in the Supreme Court (Court Rule No. 23, § 3 [1933]).

Appeal from Kent; Brown (William B.), J. Submitted January 4, 1944. Docket No. 16, Calendar No. 42,310.) Decided February 24, 1944.

Bill by Morris D. Gibson against Jerry Martin for specific performance of a contract. Decree for plaintiff. Defendant appeals. Reversed.

---

Where a contract is contrary to public policy or transgresses statutory prohibitions, such as gambling contracts, courts refuse assistance to plaintiff, see 2 Restatement, Contracts, § 598.

*Hoffius & Van Kovering,* for plaintiff.

*Glocheski & Glocheski,* for defendant.

SHARPE, J. This is a suit for the specific performance of a contract. In May, 1941, plaintiff, doing business as Gibson Specialty Company, entered into an agreement with defendant whereby Gibson Specialty Company was given the "sole and exclusive right for a period of 13 years to own and operate any and all pin-ball or other coin-operated amusement machines, in any and all places of business owned or operated by the * * * (defendant) and any and all other places of business the * * * (defendant) may in the future own, control or operate where such machines may be placed." The pin-ball games were installed by plaintiff and continued in operation in defendant's restaurants until defendant put the machines in the back room and disconnected them.

The pin-ball machines have five balls which are propelled by a lever released by the player. The balls hit various bumpers which cause the machine to register numbers, the sums being automatically totaled. If a total over a certain designated amount is registered, the player wins the number of games designated and he can either play free games or obtain cash for the number of games won.

When the cause came on for trial and at the close of plaintiff's case, the defendant made a motion to dismiss plaintiff's bill of complaint on the ground that the contract was against public policy. The motion was denied. Further testimony was taken which indicated that some of the machines were used as gambling devices.

The trial court entered a decree ordering the contract to be specifically performed and restraining defendant from using any coin-operated machines in

his place of business other than those furnished or provided by plaintiff until the termination of the contract on May 19, 1954.

Defendant appeals and urges that any contract which seeks the installation of these machines in any place of business is void as being against public policy.

In *Henry* v. *Kuney*, 280 Mich. 188, we held that a pin or bagatelle game where the player stands to win or lose money, trade checks or prizes is a gambling device. We there adopted the following rule:

" 'Perhaps the most satisfactory rule that can be formulated, in the light of the authorities, is the most obvious one, that where there is an element of chance in the operation of the slot machine—where the one who plays the machine stands to win or lose money, trade checks, or prizes, by a chance,—the machine is a gambling device and obnoxious to statutes * directed against gaming or gambling devices.' "

In our opinion the pin-ball machines mentioned in the contract are gaming devices. The amusement given by the machine is the chance to get either money or free games. Plaintiff participated in the promotion of this illegal purpose by supplying and servicing the machines, and making allowance or giving credit for money paid out as "winnings." Under such circumstances we must hold the contract void as being against public policy.

Plaintiff urges that the failure of defendant to plead the illegality of the contract as an affirmative defense precludes him from relying on such defense in order to void the contract.

In *Meek* v. *Wilson*, 283 Mich. 679, 690, plaintiff brought suit to foreclose a second mortgage of

---

* See Act No. 328, § 303, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115-303, Stat. Ann. § 28.535.)—Reporter.

$3,500 given by defendants to plaintiff's assignor. The mortgage was void as being in contravention of public policy for reasons stated in the opinion, but which need not be here repeated. In that case the question of public policy was not raised in the pleadings or passed upon by the trial court, but was argued by both parties in the briefs filed and upon argument in the Supreme Court. We there said:

"It would be anomalous, indeed, if this court were required to enforce a contract which the record discloses to be against public policy and in contravention of the purposes and provisions of a statute. The rule that a contract against public policy is unenforceable is for the protection of the public at large, and this protection should not be lost because of the lack of diligence of a party to the suit."

In the case at bar, the question of public policy was raised before the trial court and again in the briefs filed in the. Supreme Court. We hold that Court Rule No. 23, § 3 (1933), does not preclude our consideration of this question under the facts of the case.

The decree of the trial court is reversed and a decree will be entered dismissing plaintiff's bill of complaint. Costs to defendant.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, BOYLES, and REID, JJ., concurred.