INTERNATIONAL RECOVERY SYSTEMS, INC v GABLER

Docket No. 161575. Submitted November 16, 1994, at Detroit. Decided December 6, 1994, at 9:35 A.M.

International Recovery Systems, Inc., brought an action in the Oakland Circuit Court against John H. Gabler, seeking enforcement of a Nevada judgment based upon an underlying gambling debt. The court, Barry L. Howard, J., dismissed the action, finding no cause of action against the defendant. The plaintiff appealed.

The Court of Appeals *held:*

Michigan public policy, as pronounced by the Legislature in MCL 600.2939(3); MSA 27A.2939(3), provides that contracts made in furtherance of gambling are unenforceable and loans made for gambling purposes cannot be recovered. Section 4(2) of the Uniform Foreign Money-Judgments Recognition Act, MCL 691.1154(2); MSA 27.955(4)(2), states that a foreign judgment need not be recognized if the cause of action on which the judgment is based is repugnant to Michigan public policy. The trial court did not err in ruling that the judgment at issue was unenforceable and not entitled to full faith and credit in Michigan.

Affirmed.

JUDGMENTS — FOREIGN JUDGMENTS — GAMING — GAMBLING DEBTS.

Michigan public policy against contracts made in furtherance of gambling renders a foreign judgment based upon an underlying gambling debt unenforceable in the courts of Michigan (MCL 600.2939[3], 691.1154[2]; MSA 27A.2939[3], 27.955[4][2]).

*Nathanson & Nathanson, P.C.* (by *Leonard M. Nathanson* and *Keith M. Nathanson*), for the plaintiff.

REFERENCES

Am Jur 2d, Executions and Enforcement of Judgments §§ 783, 831, 909, 912; Gambling §§ 186, 187, 224, 225.

Construction and application of Uniform Foreign Money-Judgments Recognition Act. 100 ALR3d 792.

*Gerald Hale Ladue,* for the defendant.

Before: Marilyn Kelly, P.J., and J. H. Gillis*
and M. D. Schwartz,** JJ.

Per Curiam. Plaintiff, International Recovery
Systems, Inc., appeals as of right from dismissal of
its action seeking enforcement of a foreign judg-
ment based upon an underlying gambling debt. We
affirm.

I

Defendant, John Gabler, issued four checks to
the Las Vegas Sands Hotel for $5,000. He used the
sum to purchase gambling chips and ultimately
dishonored the checks. The hotel assigned defen-
dant's debt to plaintiff, which obtained a default
judgment against defendant in a state court of
Nevada on November 20, 1991. The judgment
awarded plaintiff the amount of the debt plus
interest and costs.

Plaintiff sought to enforce the judgment in the
courts of our state under the Full Faith and Credit
Clauses of the United States Constitution and the
Uniform Foreign Money-Judgments Recognition
Act. US Const, art IV, § 1; MCL 691.1151 *et seq.*;
MSA 27.955(1) *et seq.*

Plaintiff moved for summary disposition pursu-
ant to MCR 2.116(C)(9) and (10), and the trial
judge found no cause of action against defendant.
He reasoned that contracts made in furtherance of
gambling are unenforceable as contrary to Michi-
gan public policy.

Later, the judge agreed to reconsider his ruling

---

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment pursuant to Administrative Order No. 1994-7.

** Circuit judge, sitting on the Court of Appeals by assignment.

if plaintiff could present a Michigan appellate court case supporting enforcement of a foreign judgment based upon an underlying gambling debt. Plaintiff conceded that no such case law existed. The judge then denied the motion for reconsideration.

On appeal, plaintiff argues that the trial court erred in failing to render full faith and credit to the Nevada judgment.

## II

### A

We review a trial court's grant of summary disposition de novo, examining the record to determine whether the prevailing party was entitled to judgment as a matter of law. *G&A Inc v Nahra,* 204 Mich App 329, 330; 514 NW2d 255 (1994). MCL 691.1154(2); MSA 27.955(4)(2) provides:

> A foreign judgment need not be recognized if:
> (c) The cause of action on which the judgment is based is repugnant to the public policy of this state.

Courts in our state have long held that, as a matter of public policy, contracts made in furtherance of gambling are unenforceable, and loans made for gambling purposes cannot be recovered. *Gibson v Martin,* 308 Mich 178; 13 NW2d 252 (1944); *Raymond v Leavitt,* 46 Mich 447; 9 NW 525 (1881). The conclusion is amply supported by the language of MCL 600.2939(3); MSA 27A.2939(3), which provides:

> All notes, bills, bonds, mortgages, or other securities or conveyances whatever, in which the whole or any part of the consideration, shall be for any

money or goods won by playing at cards, dice, or any other game whatever, or by betting on the sides or hands of such as are gaming, or by any betting or gaming whatever, or for reimbursing or repaying any moneys knowingly lent or advanced for any gaming or betting, shall be void and of no effect, as between the parties to the same, and as to all persons, except such as shall hold or claim under them in good faith, and without notice of the illegality of such contract or conveyance.

B

The viability of similar default judgments has been considered in the federal District Court for the Eastern District of Michigan on two separate occasions, in 1987 and 1990 respectively. *Nat'l Recovery System v Kasle,* 662 F Supp 139 (ED Mich, 1987); *Boardwalk Regency Corp v Travelers Express Co,* 745 F Supp 1266 (ED Mich, 1990).

In *Kasle,* the judge concluded that enforcement of a judgment based on a gambling debt did not violate Michigan public policy because: 1) otherwise the Michigan statute voiding gambling debts would be given an extraterritorial effect beyond that anticipated by the Legislature; 2) Michigan's interest in prohibiting a competent adult Michigan resident from voluntarily choosing to leave the state and wager in another state is minimal; 3) the facts did not indicate that Kasle was the victim of an illicit activity. The judge also reasoned that, as bingo and the state-run lottery are acceptable enterprises within the state, he could not conclude that gambling is morally and socially unacceptable here.

However, in *Boardwalk,* decided some three years later, a different judge again applied Michi-

gan law and came to the opposite conclusion: the courts of our state have long held that contracts made in furtherance of gambling were unenforceable, and loans made for gambling cannot be recovered. *Gibson, supra; Raymond, supra.* He denied plaintiff's request to honor stolen money orders that defendant signed in order to discharge a prior gambling debt and obtain gambling chips.

The *Boardwalk* court reasoned that MCL 600.2939(3); MSA 27A.2939(3) is the conclusive statement of Michigan public policy regarding the validity of gambling contracts or conveyances. Furthermore, it explicitly rejected the reasoning of *Kasle,* concluding that our Legislature has made limited exceptions to MCL 600.2939(3); MSA 27A.2939(3). Thus, Michigan does not prohibit "legal" gambling here or "legal" gambling in other states. However, that fact does not alter the explicit public policy statement against the enforcement of gambling debts set forth in the statute. *Boardwalk, supra,* p 1271.

Conclusions of the federal district court are not binding upon this Court. By contrast, public policy pronouncements of the Michigan Legislature enacted as statutes certainly do bind us. *Lieberthal v Glens Falls Indemnity Co,* 316 Mich 37, 40; 24 NW2d 547 (1946). MCL 600.2939(3); MSA 27A.2939(3) renders gambling debts unenforceable as against public policy. Moreover, MCL 691.1154(2); MSA 27.955(4)(2) authorizes the court to refuse to enforce a foreign judgment which is repugnant to public policy.

Since enforcement of gambling debts is repugnant to Michigan public policy, the trial court correctly entered a judgment of no cause of action for defendant.

Affirmed.