## INTERNATIONAL RECOVERY SYSTEMS, INC v GABLER
### (ON REHEARING)

Docket No. 161575. Submitted November 16, 1994, at Lansing. Decided December 6, 1994, at 9:35 A.M. Submitted on rehearing February 7, 1995. Decided on rehearing May 5, 1995, at 9:00 A.M.

International Recovery Systems, Inc., brought an action in the Oakland Circuit Court against John H. Gabler, seeking enforcement of a Nevada judgment based upon an underlying gambling debt. The court, Barry L. Howard, J., dismissed the action, finding no cause of action against the defendant. The Court of Appeals, MARILYN KELLY, P.J., and J. H. GILLIS and M. D. SCHWARTZ, JJ., affirmed, holding that Michigan public policy against contracts in furtherance of gambling renders a foreign judgment based upon an underlying gambling debt unenforceable in Michigan courts. 208 Mich App 49 (1994). The plaintiff moved for and was granted a rehearing.

On rehearing, the Court of Appeals *held:*

The Full Faith and Credit Clause of the United States Constitution, US Const, art IV, § 1, compels enforcement of the judgment against the defendant.

Reversed.

JUDGMENTS — FOREIGN JUDGMENTS — GAMING — GAMBLING DEBTS.

Enforcement in Michigan courts of a foreign judgment based upon an underlying gambling debt is compelled by the Full Faith and Credit Clause of the United States Constitution despite Michigan public policy against gambling and the enforcement of gambling debts (US Const, art IV, § 1; MCL 600.2939[3]; MSA 27A.2939[3]). *Nathanson & Nathanson, P.C.* (by *Leonard M. Nathanson* and *Keith M. Nathanson*) for the appellant.

*Gerald Hale Ladue* for the appellee.

REFERENCES

Am Jur 2d, Judgments § 955.
See ALR Index under Foreign Judgments.

Amicus Curiae:

*Clark, Klein & Beaumont, P.L.C.* (by *Jonathan T. Walton, Jr.,* and *Edward J. Hood*) for Desert Palace, Inc.

### ON REHEARING

Before: MARILYN KELLY, P.J., and J. H. GILLIS* AND M. D. SCHWARTZ,** JJ.

PER CURIAM. This case is before us on rehearing. Plaintiff, International Recovery Systems, Inc., appeals from dismissal of its action seeking enforcement of a foreign judgment based upon an underlying gambling debt. We reverse.

It is clear that gambling is contrary to public policy in Michigan, aside from those narrowly circumscribed exceptions created by the Legislature. It is also clear that the enforcement of gambling debts is contrary to the public policy of our state. Such debts are unenforceable in our courts. *Gibson v Martin,* 308 Mich 178; 13 NW2d 252 (1944); *Raymond v Leavitt,* 46 Mich 447; 9 NW 525 (1881). The conclusion is amply supported by the language of MCL 600.2939(3); MSA 27A.2939(3), which provides:

> All notes, bills, bonds, mortgages, or other securities or conveyances, whatever, in which the whole or any part of the consideration, shall be for any money or goods won by playing at cards, dice, or any other game whatever, or by betting on the

---

\* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1994-7.

\*\* Circuit judge, sitting on the Court of Appeals by assignment.

sides or hands of such as are gaming, or by any betting or gaming whatever, or for reimbursing or repaying any moneys knowingly lent or advanced for any gaming or betting, shall be void and of no effect, as between the parties to the same, and as to all persons, except such as shall hold or claim under them in good faith, and without notice of the illegality of such contract or conveyance.

In the case before us, further briefing has convinced us that we must treat as irrelevant our state's public policy and our courts' long-standing refusal to enforce gambling debts. We are dealing with a fait accompli, a foreign judgment. We are compelled to enforce Nevada's judgment against this defendant due to accepted construction of the Full Faith and Credit Clause of the federal constitution. US Const, art IV, § 1; *Fauntleroy v Lum,* 210 US 230; 28 S Ct 641; 52 L Ed 1039 (1908).

We note that when the United States Supreme Court issued *Fauntleroy* four justices were sufficiently troubled by it to dissent, raising issues not unlike those considered in our earlier opinion.

We reflect, in passing, that in times of intense financial stress for the individual states, some have embraced gambling to relieve their financial woes. It is possible to imagine a time in the not-so-distant future when, under the Full Faith and Credit Clause, our courts could be used to enforce similar foreign judgments. Unfortunately, the underlying debts could arise from no-longer-illegal sales of street drugs, prostitution and like goods or services. Some would argue that they, too, hold a promise of quick revenue and prosperity for the individual states.

Reversed.

J. H. GILLIS, J. I concur in the result only.