SCHUBERT v DEPARTMENT OF TREASURY

Docket No. 153314. Submitted January 3, 1995, at Detroit. Decided
August 8, 1995, at 9:15 A.M.

The Department of Treasury issued a jeopardy assessment for
income and single business taxes against Robert Schubert, who
had been involved in illegal sports betting activities and levied
on and seized an automobile and the contents of a safe deposit
box belonging to Schubert. Schubert filed a petition in the Tax
Tribunal, contesting the underlying basis for the assesment.
The tribunal entered an opinion and judgment assessing cer-
tain state income tax and single business tax liabilities and
allowing certain penalties against the petitioner. The petitioner
appealed and the respondent, the Department of Treasury,
cross appealed.

The Court of Appeals *held:*

1. The Tax Tribunal erred in applying 26 USC 162(c)(2)
rather than 26 USC 165(d) to determine whether the petition-
er's gambling losses should be deducted from his gains for
purposes of determining his income subject to tax liability. The
fact that the petitioner's bookmaking activity was illegal is of
no import. The tribunal's decision to apply 26 USC 162(c) must
be reversed and the matter must be remanded to allow the
tribunal to apply 26 USC 165(d).

2. The Tax Tribunal improperly calculated the amount of
single business tax owed. If, on remand, the petitioner presents
credible evidence from which the tribunal can estimate the
petitioner's deductions, i.e., the losses deducted from the win-
nings, the tribunal must estimate the amount of allowable
deduction in assessing single business tax liability.

3. The Tax Tribunal's factual findings were supported by
competent, material, and substantial evidence on the entire
record.

4. The Tax Tribunal did not err in ruling that MCL 205.24;

REFERENCES

Am Jur 2d, Gambling §§ 49, 50; State and Local Taxation §§ 483,
518, 534, 727, 856-865.
See ALR Index under Bookmaking; Income Tax; States; Tax Re-
turns.

MSA 7.657(24) applies in this case, where the taxpayer failed or refused to file a return or pay a tax, and that MCL 205.23; MSA 7.657(23) does not apply because this was not a case where the taxpayer's liability was determined by the respondent after an examination of a tax return, a payment, or an audit.

Affirmed in part, reversed in part, and remanded.

1. TAXATION — SINGLE BUSINESS TAX — TAX BASE — BOOKMAKERS — TAXABLE INCOME.

The Tax Tribunal, in determining the tax base subject to single business tax of a taxpayer who operates a bookmaking business, should deduct the taxpayer's wagering losses from wagering gains, to the extent of the gains, in determining the taxpayer's taxable income (26 USC 165[d]; MCL 208.1 *et seq.*; MSA 7.558[1] *et seq.*).

2. TAXATION — SINGLE BUSINESS TAX — DEDUCTIONS — BURDEN OF PROOF.

A taxpayer who operates a bookmaking business and seeks to deduct the business' wagering losses from gains, to the extent of the gains, for purposes of determining the taxpayer's tax liability has the burden of showing entitlement to the deduction and must maintain sufficient records to establish the amount of the deduction; where the taxpayer establishes entitlement to some deduction, but has failed to keep adequate records, the Tax Tribunal may estimate the amount of allowable deduction (26 USC 165[d]; MCL 208.1 *et seq.*; MSA 7.558[1] *et seq.*).

3. TAXATION — FAILURE TO FILE RETURN — FAILURE TO SATISFY LIABILITY — PENALTIES.

MCL 205.24; MSA 7.657(24) applies to the determination of the proper penalty to be assessed where a taxpayer has failed or refused to file a tax return; MCL 205.23; MSA 7.657(23) applies to the determination of the proper penalty to be assessed where the Department of Treasury believes that a taxpayer either has not satisfied a tax liability or has made an excessive claim and that belief is based on an examination of a tax return, a payment, or an audit.

*Richard M. Lustig, P.C.* (by *Richard M. Lustig*), for the petitioner.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *E. David Brockman*

and *Howard E. Goldberg,* Assistant Attorneys General, for the respondent.

Before: JANSEN, P.J., and MICHAEL J. KELLY and HOOD, JJ.

PER CURIAM. Petitioner appeals as of right from an opinion and judgment entered by the Michigan Tax Tribunal on June 2, 1992, assessing certain state income tax and single business tax liabilities and allowing certain penalties against petitioner. Respondent cross appeals, contending that other penalties are also applicable in this case. We affirm in part, reverse in part, and remand for further proceedings.

From September 1986 until October 1987, petitioner and James Moreau were bookmakers who were involved in illegal sports betting activities. Petitioner and Moreau booked wagers on football, baseball, hockey, horse racing, and boxing matches. In January 1987, petitioner's business was raided by the Federal Bureau of Investigation. After the raid, petitioner and Moreau discontinued their activities until March 1987, when they moved to a different address. In October 1987, petitioner's business was again raided, but by Michigan State Police officers.

The gambling records seized by law enforcement officials were analyzed by three different accountants. Following hearings held before the Tax Tribunal from July 1989 to April 1990, the proposed opinion and judgment was entered on May 5, 1992, by the hearing officer. Exceptions to the proposed opinion and judgment were filed by both petitioner and respondent. Thereafter, the Tax Tribunal adopted the findings of fact and conclusions of law set forth in the proposed opinion and judgment as the final decision of the Tax Tribunal.

On appeal, petitioner admits that he is liable for single business and income taxes, but argues that his liability is less than that assessed by the Tax Tribunal. Respondent, on the other hand, contends that the assessments for the single business and income taxes were proper, but that the Tax Tribunal also should have imposed other applicable penalties.

I

Petitioner first argues that the Tax Tribunal erred in applying 26 USC 162(c)(2) rather than 26 USC 165(d) to his gambling losses. We agree with petitioner in this regard.

This Court reviews the decision of the Tax Tribunal to determine whether the tribunal made an error of law or adopted a wrong legal principle. *Samonek v Norvell Twp,* 208 Mich App 80, 84; 527 NW2d 24 (1994). The factual findings of the tribunal will be upheld if they are supported by competent, material, and substantial evidence on the whole record. Const 1963, art 6, § 28.

Michigan imposes a single business tax on the adjusted tax base of every person with business activity in this state. MCL 208.1; MSA 7.558(1); MCL 208.31(1); MSA 7.558(31)(1). Because petitioner's business activities took place solely within Michigan, his adjusted tax base is his tax base adjusted to reflect certain exemptions. MCL 208.31(2); MSA 7.558(31)(2). Petitioner's tax base is his business income, subject to certain adjustments. MCL 208.9(1); MSA 7.558(9)(1). "Business income" means federal taxable income, except that for a person other than a corporation, it means that part of federal taxable income derived from business activity. MCL 208.3(3); MSA 7.558(3)(3).

The Tax Tribunal ruled that the single business

tax liability should be assessed on fifty percent of the gross receipts from the business activities. The tribunal interpreted federal law as requiring that petitioner's gambling losses not be deducted in computing his taxable income. The Tax Tribunal applied 26 USC 162(c), relating to illegal bribes, kickbacks, and other illegal payments. No deductions are allowed for tax purposes with regard to this type of income. Petitioner contends that the Tax Tribunal should have applied 26 USC 165(d), which provides that losses from wagering transactions shall be allowed only to the extent of the gains from such transactions.

Clearly, 26 USC 165(d) more specifically applies to the *instant* case because that provision covers wagers. When two statutes or provisions conflict, and one is specific to the subject matter while the other is only generally applicable, the specific statute prevails. *Frank v William A Kibbe & Associates, Inc,* 208 Mich App 346, 350; 527 NW2d 82 (1995). The income in this case was not derived from illegal bribes, kickbacks, or other illegal payments. Thus, the Tax Tribunal erred in applying 26 USC 162(c) rather than 26 USC 165(d) because gambling was petitioner's trade or business and § 165(d) specifically addresses gambling losses. *Bruno v Dep't of Treasury,* 157 Mich App 122; 403 NW2d 519 (1987); *Boyd v United States,* 762 F2d 1369, 1372 (CA 9, 1985).

Moreover, the fact that the bookmaking activity was illegal is of no import. The seminal case in this regard is *In re McKenna,* 1 BTA 326 (1925). In *McKenna,* the United States Board of Tax Appeals was called upon to determine the gross income of a person engaged in illegal bookmaking. The Board of Tax Appeals concluded that taxable net income is gross income minus certain prescribed statutory deductions. Because there were no statutory deduc-

tions involved in *McKenna,* the board held that gross income was actually net income, i.e., the aggregate of the receipts less the amounts paid out to the bettors.

Further, in *Winkler v United States,* 230 F2d 766 (CA 1, 1956), the court held that gross income had to be calculated by analyzing each of the plaintiff's race books. The net earnings loss from each race was tabulated to determine business income.

There appears to be only two instances where gambling revenue cannot be offset by gambling losses. Wagering losses in excess of winnings cannot be deducted for income tax purposes under a plain reading of § 165(d). *McClanahan v United States,* 272 F2d 663 (CA 5, 1959). Further, the taxpayer has the burden of showing entitlement to the deduction and the taxpayer must maintain sufficient records to establish the amount of the deduction. *Norgaard v Comm'r Internal Revenue Service,* 939 F2d 874, 878 (CA 9, 1991). Thus, a gambling loss may not be deducted unless the taxpayer substantiates the claim.

We find no public policy exception as advanced by respondent. *McKenna* clearly involved illegal bookmaking, yet the receipts were reduced by the amounts paid out to the bettors to determine gross income. A plain reading of the statute also indicates that no distinction is made between receipts from legal and illegal betting. Respondent's reliance on MCL 600.2939(3); MSA 27A.2939(3) is misplaced because that provision only renders gambling *debts* to be unenforceable in our courts as against public policy. *Int'l Recovery Systems, Inc v Gabler (On Rehearing),* 210 Mich App 422, 423; 527 NW2d 20 (1995).

Accordingly, we reverse the Tax Tribunal's decision to apply 26 USC 162(c) to this case. The Tax

Tribunal must apply 26 USC 165(d) on remand and deduct the wagering losses from the gains.

## II

Petitioner next argues that the Tax Tribunal improperly calculated the amount of single business tax owed. We agree.

As has been stated, the taxpayer has the burden of showing entitlement to a particular deduction. *Norgaard, supra.* The taxpayer has the duty to maintain records sufficient to establish the amount of deductions. *Id.* The difficulty in this case is that, although bets were recorded on three-part carbon forms, petitioner did not have all his alleged winnings and losses recorded. Thus, records were not available for all bets.

Petitioner contends that, under such a situation, the Tax Tribunal should have applied the rule of *Cohan v Comm'r of Internal Revenue,* 39 F2d 540 (CA 2, 1930). Pursuant to *Cohan,* the tax court may estimate the amount of allowable deduction where the taxpayer has established that he has made some deductible entertainment expenditures, but has failed to keep adequate records. In order to qualify for the estimation treatment, the taxpayer first must establish that he is actually entitled to some deduction. *Edelson v Comm'r of Internal Revenue,* 829 F2d 828, 831 (CA 9, 1987).

Indeed, we note that respondent's accountant found the records of loss to be credible and applied the rule of *Cohan* to those records in assessing petitioner's income tax liability. Thus, on remand, should petitioner present credible evidence from which the Tax Tribunal could estimate his deductions (the losses from the winnings), then the Tax Tribunal must apply the rule of *Cohan.* The Tax Tribunal should make as close an approximation

as possible of petitioner's gambling losses for purposes of assessing his single business tax liability.

### III

As his last issue, petitioner argues that the Tax Tribunal's factual findings were so contrary to the evidence that they resulted in arbitrary tax assessments. Our review of the record leads us to conclude, however, that the factual findings were supported by competent, material, and substantial evidence on the entire record.

Specifically, petitioner disagrees with the hearing officer's conclusion that the respondent's accountant's method of subtracting petitioner's losses from the winnings and calculating the resulting profit margin is more reflective of the business operation as it was actually conducted. In this case, the accountant used average daily bets calculated from available records. We do not find this to constitute an arbitrary assessment as petitioner claims. To the extent that petitioner is entitled to an estimation of his deduction, we have already stated that the Tax Tribunal must estimate petitioner's gambling losses in computing his tax liability where petitioner presents credible evidence for such an estimation.

The Tax Tribunal's factual findings are supported by competent, material, and substantial evidence on the whole record.

### IV

In its cross appeal, respondent argues that the Tax Tribunal erred in concluding that MCL 205.23; MSA 7.657(23) was inapplicable to petitioner's single business tax liability. Respondent contends that it is entitled to penalty assessments

pursuant to both MCL 205.23; MSA 7.657(23) and MCL 205.24; MSA 7.657(24).

The Tax Tribunal modified one of the assessments made by respondent to reflect a fifty percent penalty for failure to file a single business tax return rather than the additional one hundred percent fraud penalty that had also been imposed by respondent. Respondent now contends that the Tax Tribunal erred in ruling that MCL 205.23(5); MSA 7.657(23)(5) is not applicable. MCL 205.23; MSA 7.657(23) provides in relevant part:

> (1) If the department believes, based upon either the examination of a tax return, a payment, or an audit authorized by this act, that a taxpayer has not satisfied a tax liability or that a claim was excessive, the department shall determine the tax liability and notify the taxpayer of that determination. A liability for a tax administered under this act is subject to the interest and penalties prescribed in subsections (2) to (5).
>
> *  *  *
>
> (5) If any part of the deficiency or an excessive claim for credit is due to fraudulent intent to evade a tax, or to obtain a refund for a fraudulent claim, a penalty of 100% of the deficiency, plus interest as provided in subsection (2), shall be added. The penalty becomes due and payable after notice and informal conference as provided in this act.

We believe that the Tax Tribunal's decision was not erroneous. MCL 205.23; MSA 7.657(23) applies when the respondent believes that a taxpayer either has not satisfied a tax liability or has made an excessive claim and that belief is based upon an examination of a tax return, a payment, or an audit authorized by the act. MCL 205.24; MSA 7.657(24), on the other hand, applies if a taxpayer fails or refuses to file a return or pay a tax

administered under the act. Therefore, the Tax Tribunal's ruling that § 24 applies when no tax returns have been filed is not an error of law. In this case, no tax returns were filed for 1986 and 1987 by petitioner. This is not a case where there was an examination of a tax return, a payment, or an audit. Accordingly, the Tax Tribunal did not err in ruling that only MCL 205.24; MSA 7.657(24) applies to this case.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. Jurisdiction is not retained.