*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JONNIE H. WHITE,

      Plaintiff-Appellant,

v

LAKITHA NIKI RICHARDSON,

      Defendant,

and

COUNTRY PREFERRED INSURANCE
COMPANY,

      Defendant-Appellee.

UNPUBLISHED
September 22, 2022

No. 356307
Wayne Circuit Court
LC No. 20-002380-NI

Before: RONAYNE KRAUSE, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Plaintiff, Johnnie H. White, appeals as of right the order granting defendant, Country Preferred Insurance Company (Country Preferred),[1] summary disposition. On appeal, plaintiff argues that the trial court erred when it granted defendant summary disposition because the provision of the insurance policy shortening the period for plaintiff to file a claim for uninsured motorist (UM) benefits is contrary to Michigan public policy. Plaintiff also contends that the provisions of the insurance policy relating to arbitration are vague and ambiguous, and the period of limitations relating to plaintiff's claim was tolled when the complaint was filed. We affirm.

## I. BACKGROUND

On the night of June 9, 2017, plaintiff was driving his motorcycle in Detroit. When plaintiff approached an intersection, defendant, Lakitha Niki Richardson (Richardson), driving a

---

[1] While there were originally two defendants, only Country Preferred is involved in this appeal, and will be referred to as "defendant."

1996 Chevrolet Monte Carlo, began making a left turn, resulting in plaintiff hitting the passenger side of Richardson's vehicle. Plaintiff was taken to the hospital. At the time of the accident, plaintiff's motorcycle was covered under the insurance policy of his wife, Angela Middleton, with defendant, which is headquartered in Illinois. According to the insurance policy, the motorcycle was garaged at an Illinois address.

On February 14, 2020, plaintiff commenced this action against Richardson for negligence and defendant for UM coverage related to injuries he sustained in the accident.[2] Defendant moved for summary disposition under MCR 2.116(C)(7) and (C)(10), arguing that under the insurance policy, plaintiff's claim for UM benefits was barred because he filed the complaint more than two years after the accident, and because plaintiff never submitted a written demand for arbitration. The trial court agreed with defendant and granted summary disposition in defendant's favor. Plaintiff moved for reconsideration, which the trial court denied. This appeal resulted.

## II. STANDARD OF REVIEW

"This Court . . . reviews de novo a trial court's decision on a motion for summary disposition." *Dell v Citizens Ins Co of America*, 312 Mich App 734, 739; 880 NW2d 280 (2015). In addition, "[t]his Court reviews a trial court's findings of fact for clear error." *Kuhlgert v Mich State Univ*, 328 Mich App 357, 368; 937 NW2d 716 (2019), citing MCR 2.613(C). "A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made." *Berryman v Mackey*, 327 Mich App 711, 717-718; 935 NW2d 94 (2019).

"Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds may differ." *Id*. This Court reviews a motion brought under MCR 2.116(C)(10) by considering "the affidavits, pleadings, depositions, admissions, or any other documentary evidence submitted in [the] light most favorable to the nonmoving party[.]" *Bragan v Symanzik*, 263 Mich App 324, 327; 687 NW2d 881 (2004).

Summary disposition is appropriate under MCR 2.116(C)(7) when the claim is barred by the statute of limitations. For a motion filed under MCR 2.116(C)(7):

> [T]his Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is

---

[2] Plaintiff never effectuated service on Richardson; thus, Richardson never participated in this case.

inappropriate. [*Hutchinson v Ingham Co Health Dep't*, 328 Mich App 108, 123; 935 NW2d 612 (2019) (quotation marks and citation omitted; alteration in original).]

"Questions involving the proper interpretation of a contract or the legal effect of a contractual clause are also reviewed de novo." *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 197; 747 NW2d 811 (2008). "[This Court] construes insurance contracts in the same manner as other contracts, assigning the words in the contract their ordinary and plain meaning if such would be apparent to a reader of the instrument." *Auto Owners Ins Co v Seils*, 310 Mich App 132, 145; 871 NW2d 530 (2015) (quotation marks and citation omitted).

This Court also reviews de novo the interpretation of administrative rules. *Romulus v Mich Dep't of Environmental Quality*, 260 Mich App 54, 64; 678 NW2d 444 (2003). "The rules of statutory construction apply to both statutes and administrative rules." *United Parcel Serv, Inc v Bureau of Safety & Regulation*, 277 Mich App 192, 202; 745 NW2d 125 (2007). Relatedly, "[t]he role of this Court in interpreting statutory language is to ascertain the legislative intent that may reasonably be inferred from the words in a statute." *Mich Ass'n of Home Builders v City of Troy*, 504 Mich 204, 212; 934 NW2d 713 (2019) (quotation marks and citation omitted). "[W]here the statutory language is clear and unambiguous, the statute must be applied as written." *Id.* (quotation marks and citations omitted; alterations in original).

This Court "likewise review[s] de novo issues concerning choice and conflicts of law." *In re Bibi Guardianship*, 315 Mich App 323, 328; 890 NW2d 387 (2016) (citation omitted).

## III. ANALYSIS

Plaintiff argues that the trial court erred in granting summary disposition to defendant because the provision reducing the limitations period to file a UM claim was contrary to Michigan law. Defendant argues the insurance policy is enforceable because Illinois law is favored in this case. We agree with defendant.

## A. CHOICE OF LAW

"[W]hen the parties have agreed to an explicit choice of law, that choice will be respected unless there are compelling reasons for not doing so." *Chrysler Corp v Skyline Indus Servs, Inc*, 448 Mich 113, 122; 528 NW2d 698 (1995). When the parties have not agreed on an explicit choice of law, and the issue is one sounding in contract, Michigan courts will turn to 1 Restatement of Conflicts of Laws, 2d, § 188. See *Talmer Bank & Trust v Parikh*, 304 Mich App 373, 394-395; 848 NW2d 408 (2014), vacated in part on other grounds, 497 Mich 857 (2014) (using 1 Restatement of Conflict of Laws, 2d, to determine whether Michigan law or Nevada law applied to a promissory note for a case commenced in Michigan). In 1 Restatement of Conflict of Laws, 2d, § 188 states:

> (1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6.

(2) In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place of contracting,

(b) the place of negotiation of the contract,

(c) the place of performance,

(d) the location of the subject matter of the contract, and

(e) the domicil, residence, nationality, place of incorporation and place of business of the parties.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

(3) If the place of negotiating the contract and the place of performance are in the same state, the local law of this state will usually be applied, except as otherwise provided in §§ 189-199 and 203. [1 Restatement Conflict of Laws, 2d, § 188(1) through (3).]

Defendant argues this Court should apply Illinois law to this case, and plaintiff argues this Court should apply Michigan law. Because the insurance policy contains no choice-of-law provision, we review 1 Restatement of Conflict of Laws, 2d. The place of contracting, place of negotiation of the contract, and the domicile of defendant were in Illinois at the time the contract was entered into. Middleton, the named insured in the insurance policy, insured the Harley Davidson motorcycle under an Illinois address, and defendant is an insurance company headquartered in Illinois. The domicile of the parties of the insurance policy is especially important considering defendant does not issue insurance contracts in Michigan. See 1 Restatement Conflict of Laws, 2d, § 188, comment *e* ("a corporation's principal place of business is a more important contact than the place of incorporation, and this is particularly true in situations where the corporation does little, or no, business in the latter state."). Therefore, at least three Restatement factors support the application of Illinois law.

Although the motorcycle was apparently located in Michigan, the insurance policy lists the motorcycle as being housed in Illinois, so, for the purposes of the insurance policy, the motorcycle appeared to be located in Illinois. Because both parties to the insurance policy were domiciled in Illinois when the contract was entered into, and the motorcycle also appeared to be housed in Illinois, the place of performance of the contract was also, presumedly, Illinois. Thus, there are no Restatement factors tying this particular contract to Michigan. Indeed, the only factors tying this contract to Michigan are that the accident occurred there, plaintiff, who was driving the insured vehicle, is a resident of Michigan, and this lawsuit was commenced in Michigan. None of those factors are relevant considerations for contract claims under 1 Restatement of Conflict of Laws, 2d. Instead, all the Restatement factors support the application of Illinois law to this case. Indeed, 1 Restatement Conflict of Laws, 2d, § 188 explicitly states: "If the place of negotiating the contract and the place of performance are in the same state, the local law of this state will usually be applied,

except as otherwise provided in §§ 189-199 and 203." Sections 189 through 199 and 203 relate to special contracts, such as contracts for the transfer of interests in land, and do not apply to insurance contracts. Because the place of negotiating the contract and place of performance are both in Illinois, and no other provision of 1 Restatement of Conflict of Laws, 2d, requires the application of Michigan law, Illinois law applies to this case.

## B. ENFORCEABILITY OF THE PERIOD OF LIMITATIONS PROVISION

Plaintiff relies on Mich Admin Code, R 500.2212 to argue that paragraph 7 of the insurance policy is contrary to Michigan law, and therefore unenforceable. Defendant argues Illinois law is applicable to this case, and Illinois law has regularly enforced two-year periods of limitations for UM claims. Defendant also argues that, even if Michigan law was applicable to this case, the provision of the policy shortening the period of limitations for plaintiff to bring a UM claim is not contrary to Michigan law. We agree with defendant.

Paragraph 7 of the insurance policy states:

No suit, action or arbitration proceedings for recovery of any claim may be brought against us until the insured has fully complied with all the terms of this policy. Further, any suit, action or arbitration will be barred unless commenced within two years after the date of the accident. Arbitration proceedings will not commence until we receive your written demand for arbitration.

In Illinois, insurance agencies are required to provide UM benefits, and such coverage must "place the policyholder in substantially the same position he would occupy, so far as his being injured or killed is concerned, if the wrongful driver had the minimum liability insurance required by the [Illinois] Financial Responsibility Act." *Phoenix Ins Co v Rosen*, 242 Ill 2d 48, 57; 949 NE2d 639 (2011) (citations and quotation marks omitted). However, Illinois courts have recognized that the state's insurance code "does not mention a time limit in which the insured may exercise his or her rights under the uninsured-motorist provisions of a policy." *Country Preferred Ins Co v Whitehead*, ___ IL ___; 979 NE2d 35, 44 (2012).

Relatedly, "[a]n agreement will not be invalidated unless it is clearly contrary to what the constitution, the statutes, or the decisions of the courts have declared to be the public policy of Illinois[.]" *Id*. at 43. With respect to contractual limitations regarding when a claimant may bring a UM claim, Illinois courts have determined that "[t]he parties to a contract may agree to a shortened contractual limitation period to replace a statute of limitations, so long as it is reasonable." *Id*. In fact, "the Illinois legislature, long ago, determined that two years was a sufficient period of time for a legally competent tort victim, suffering personal injuries, to ascertain the extent of those injuries . . . and to file suit for damages," including a suit for UM benefits. *Id*. at 44.

Because Illinois law applies to this case, and Illinois courts have repeatedly found a two-year contractual limitations period for UM benefits is consistent with Illinois public policy, the insurance policy provision limiting the period for plaintiff to bring his UM claim to two years after the accident occurred is valid and enforceable.

Even if Michigan law applied, paragraph 7 is not contrary to Michigan's public policy, and plaintiff's arguments otherwise are erroneous.

Rule 500.2212 of the Michigan Administration Code states:

> (1) A shortened limitation of action clause unreasonably reduces the risk purported to be assumed in the general coverage of the policy within the meaning of MCL 500.2236(5).
>
> (2) On and after the first day of the first month following the effective date of these rules, an insurer shall not issue, advertise, or deliver to any person in this state a policy, contract, rider, indorsement, certificate, or similar contract document that contains a shortened limitation of action clause. This does not apply to a contract document in use before that date, but does apply to any such document revised in any respect on or after that date.
>
> (3) On and after the first day of the first month following the effective date of these rules, a shortened limitation of action clause issued or delivered to any person in this state in a policy, contract, rider, indorsement, certificate, or similar contract document is void and of no effect. This does not apply to contract documents in use before that date, but does apply to any such document revised in any respect on or after that date.
>
> (4) Nothing in this rule limits the commissioner's authority under section 2236 of the act to disapprove or withdraw approval of any form that contains a shortened limitation of action clause.
>
> (5) By the first day of the second month following the effective date of these rules, each insurer transacting insurance in this state shall submit to the commissioner a list of all forms in effect in Michigan that contain shortened limitation of action clauses and shall submit a certification that the list is complete and accurate. If an insurer has no such forms in effect, it shall submit a letter to the commissioner reporting and certifying that fact. [Mich Admin Code 500.2212(1) through (5).]

This Court has determined that "[a] rule adopted by an agency in accordance with the Administrative Procedures Act, MCL 24.201, *et seq.*, is a legislative rule that has the force and effect of law." *Morley v Gen Motors Corp*, 252 Mich App 287, 290; 651 NW2d 808 (2002). In interpreting an administrative rule, the rule's "words and phrases must be applied and interpreted according to their plain and ordinary meanings." *In re Estate of Klein*, 316 Mich App 329, 333-334; 891 NW2d 544 (2016).

Defendant relies on *New England Mut Life Ins Co v Gray*, 786 F2d 406 (CA 6, 1986),[3] to argue the insurance policy is not contrary to public policy because it was not issued or delivered to an individual in Michigan. Plaintiff relies on the Michigan Administrative Rules to argue that policies that reduce the time to file a claim for UM benefits to less than three years is contrary to Michigan public policy. Plaintiff also relies on *Int'l Recovery Sys, Inc v Gabler*, 208 Mich App 49, 51; 527 NW2d 20 (1994), rev'd on other grounds on reh 210 Mich App 422, 423-424; 527 NW2d 20 (1995), to argue that Michigan courts should not enforce a contract contrary to Michigan law, even if it is consistent with the laws of another state.

In reviewing the plain language of Rule 500.2212(2) and (3), it is clear that it applies to insurance policies "issue[d], advertise[d], or deliver[ed] to any person *in this state*." Rule 500.2212(2) (emphasis added). The UM policy in this case was issued by an Illinois insurance company to Middleton, who lived in Illinois at the time. The address on the policy is an Illinois address. The UM policy was not issued, advertised, or delivered to any person in Michigan, and therefore, on the basis of the plain language of Rule 500.2212, that rule is not applicable to the UM policy issued by defendant. *In re Estate of Klein*, 316 Mich App at 333-334. This conclusion is further supported by *New England*, *Detroit Greyhound Employees Fed Credit Union v Aetna Life Ins Co*, 7 Mich App 430; 151 NW2d 852 (1967), rev'd on other grounds, 381 Mich 683 (1969),[4] and *Tikkanen v Liberty Life Assurance Co of Boston*, 31 F Supp 3d 913, 921-922 (ED Mich, 2014).

In *New England*, the Sixth Circuit analyzed whether MCL 500.3606(2), which required a group insurance policy to be approved by the commissioner before it is "issued or delivered in this state," applied to a group insurance policy that was issued in Minnesota, and had beneficiaries who were employed in Michigan. *New England*, 786 F 2d at 408. The *New England* court relied on *Detroit Greyhound* and found MCL 500.3606 was inapplicable to the case because the plaintiff's insurance policy was not issued or delivered in Michigan, within the meaning of the statute. *Id*. at 408-409. In *Detroit Greyhound*, this Court similarly determined that Michigan law was inapplicable to a group insurance policy issued outside of Michigan, even though a certificate was delivered to a beneficiary in Michigan. *Detroit Greyhound*, 7 Mich App at 437. Finally, in *Tikkanen*, the court determined that an insurance policy that was negotiated and issued in Georgia was not subject to Rule 500.2202(c) because there was no evidence the contract documents were issued or delivered to individuals in Michigan. *Tikkanen*, 31 F Supp 3d at 921.

Similar to *Tikkanen*, *Detroit Greyhound*, and *New England*, the insurance policy in this case was issued and delivered to an individual outside Michigan. There is no evidence in the record establishing any of the insurance policy documents were delivered to plaintiff in Michigan. Indeed, plaintiff is not a named insured of the policy; rather, Middleton is the only named insured, and she had an Illinois address. Plaintiff is considered an "insured" under Middleton's policy

---

[3] Cases from foreign jurisdictions are not binding, but they can be persuasive. *Hiner v Mojica*, 271 Mich App 604, 612; 722 NW2d 914 (2006).

[4] Cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), but can be considered persuasive authority, *Auto-Owners Ins Co v Martin*, 284 Mich App 427, 444 n 4; 773 NW2d 29 (2009).

because the motorcycle plaintiff was driving when the accident occurred was insured by the policy. Because of the lack of evidence establishing the UM policy was issued or delivered to an individual in Michigan, Rule 500.2212 is inapplicable to this case. Thus, the UM policy is not subject to approval by the commissioner; the provision shortening the period of limitations for UM claims to two years is enforceable, valid, and not contrary to Michigan public policy; and the trial court did not err in granting summary disposition to defendant.

## C. ARBITRATION PROVISION

Plaintiff argues the provision of the insurance policy requiring plaintiff to submit a written demand for arbitration is ambiguous, and any limitations on the period plaintiff had to institute a UM claim were tolled when the complaint was filed. Defendant argues the provisions in the insurance policy are clear and unambiguous, and plaintiff's claim is contractually barred. Because plaintiff's claim is precluded by paragraph 7 of the policy, we need not address the remainder of plaintiff's arguments.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Kathleen Jansen
/s/ Brock A. Swartzle