*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

In re PETITION OF WAYNE COUNTY
TREASURER FOR FORECLOSURE

---

WAYNE COUNTY TREASURER,

    Petitioner-Appellee,

v

DERBY PROPERTIES, LLC and
JUSTIN VOIGT,

    Respondents-Appellants.

UNPUBLISHED
January 17, 2025
9:20 AM

No. 367984
Wayne Circuit Court
LC No. 21-007151-CH

---

Before: GADOLA, C.J., and RICK and MARIANI, JJ.

PER CURIAM.

Respondents appeal as of right the trial court's order denying their motion to claim the remaining proceeds after foreclosure under MCL 211.78t. We affirm.

## I. FACTS

Respondent Justin Voigt is the owner of respondent Derby Properties, LLC. Respondents owned six properties on Derby Street in Detroit, but in 2019, 2020, and 2021, respondents failed to pay the property taxes on the properties. As a result, petitioner, the Wayne County Treasurer, filed a petition for foreclosure regarding the Derby properties.

Petitioner sent notices of the administrative show-cause hearing and judicial foreclosure hearing by certified and first-class mail to respondents' address of record, and filed an affidavit of mailing with the trial court. Petitioner also posted notice of foreclosure proceedings in a conspicuous place on each property, and each property was included in a public notice of foreclosure published for two consecutive weeks in the Detroit Legal News.

-1-

Respondents did not file written objections nor request a hearing regarding the foreclosures. The trial court entered a judgment of foreclosure in favor of petitioner on March 30, 2022, vesting title to the Derby properties in petitioner unless the taxes, interest, and penalties were paid by March 31, 2022, and specifically finding that "all those entitled to notice and an opportunity to be heard have been provided that notice and opportunity." Respondents did not redeem the Derby properties by paying the taxes, interest, and penalties, and as a result, title to the properties vested in petitioner pursuant to the judgment.

Petitioner listed the Derby properties for sale at public auction. Respondents then moved to intervene in the trial court foreclosure action and also moved to set aside the judgment of foreclosure. On August 31, 2022, and again on November 1, 2022, the parties stipulated that petitioner would not issue a deed to any buyer of the Derby properties until the trial court ruled on respondents' motions. After a hearing, the trial court denied respondents' motion to set aside the foreclosures, finding that petitioner had met the minimum constitutional and statutory due process requirements.

Respondents then moved in the trial court to claim the remaining proceeds of the foreclosure sales under MCL 211.78t. Following a hearing, the trial court denied respondents' motion. Respondents now appeal the trial court's order denying their motion to claim the remaining proceeds.

## II. DISCUSSION

### A. JURISDICTION

Respondents contend that petitioner did not provide adequate notice of the foreclosure proceedings, thereby violating their right to due process. Petitioner asserts that this Court lacks jurisdiction to hear respondents' challenge to the adequacy of the notice because respondents did not appeal the trial court's March 30, 2022 judgment of foreclosure, in which the trial court specifically found that petitioner complied with the constitutional and statutory notice requirements. Instead, respondents appealed by right the trial court's September 8, 2023 order denying their motion to claim the remaining proceeds from the foreclosure sale of the properties under MCL 211.78t. We disagree that this Court lacks jurisdiction to determine respondents' challenge.

Under MCR 7.203(A)(1), this Court generally has jurisdiction of an appeal of right filed by an aggrieved party from a final judgment or final order of the circuit court. MCR 7.202(6)(a)(vi) provides that a final judgment or final order in a civil case includes "in a foreclosure action involving a claim for remaining proceeds under MCL 211.78t, a postjudgment order deciding the claim." Here, respondents appealed by right the circuit court's order denying their motion to claim the remaining proceeds following the judgment of foreclosure on the Derby properties. Because the trial court's order denying the motion is a final order under MCR 7.202(6)(a)(vi), respondents were able to claim an appeal from that order. Having properly claimed an appeal from a final order of the trial court, respondents are permitted to challenge the trial court's earlier orders. See *Sandoval v Farmers Ins Exchange*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket Nos. 361166, 361176); slip op at 6 (A party claiming an appeal of right from a final order may challenge prior orders).

-2-

## B. ADEQUACY OF NOTICE

Respondents contend that the foreclosure was invalid because petitioner failed to provide them proper notice. Respondents argue that the General Property Tax Act requires that notice be provided by certified mail, return receipt requested, but that in this case, petitioner received only return receipts marked "Covid-19" or "C-19," which respondents contend was insufficient to satisfy due process. We review de novo questions of statutory interpretation, as well as questions of constitutional law, *Bonner v Brighton*, 495 Mich 209, 220-221; 848 NW2d 380 (2014), such as whether a party has been afforded due process, *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 531; 866 NW2d 817 (2014).

Michigan's General Property Tax Act (GPTA), MCL 211.1a *et seq*., authorizes a governmental unit to seize and sell real property "to satisfy the unpaid delinquent real-property taxes as well as any interest, penalties, and fees associated with the foreclosure and sale of [the property]." *Rafaeli, LLC v Oakland Co*, 505 Mich 429, 474; 952 NW2d 434 (2020); see also MCL 211.78. Before foreclosing on real property for tax delinquency, however, due process requires the government to provide adequate notice of the impending foreclosure. *Sidun v Wayne Co Treasurer*, 481 Mich 503, 509; 751 NW2d 453 (2008). In *Sidun*, our Supreme Court explained:

> Proceedings that seek to take property from its owner must comport with due process. A fundamental requirement of due process in such proceedings is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." . . . However, due process does not require that a property owner receive actual notice before the government may take his property. [*Id.* at 509 (citation omitted).]

Our Supreme Court further explained in *2 Crooked Creek, LLC v Cass Co Treasurer*, 507 Mich 1, 10; 967 NW2d 577 (2021), that the GPTA provides for notice of foreclosure proceedings by mail, publication, and posting on the property:

> Before the foreclosure judgment is entered, the GPTA provides various procedural safeguards to afford those with an interest in the property notice of the foreclosure by mail, by publication, and by a personal visit to the property, and it provides an opportunity to be heard via a show-cause hearing and judicial foreclosure hearing. Once the foreclosure judgment enters and the redemption and appeal periods expire, fee simple title to the property vests in the foreclosing governmental unit. Once entered, circuit courts generally may not alter a judgment of foreclosure.

Specifically, MCL 211.78b and MCL 211.78c require the county treasurer to send notices "by first-class mail, address correction requested, to the person to whom a tax bill for property returned for delinquent taxes was last sent or to the person identified as the owner of the property. . . ," informing the person of the unpaid delinquent taxes, interest, penalty, and fees, plus the consequences of forfeiture if not paid by March 31, including a judgment of foreclosure that will vest title to the property in the foreclosing governmental unit. Similarly, MCL 211.78f(1) requires the county treasurer to send notice by certified mail, return receipt requested, "to the person to whom a tax bill for property returned for delinquent taxes was last sent" that states the

date on which delinquent property with unpaid taxes will be forfeited and subject to foreclosure proceedings, and that identifies the unpaid delinquent taxes, interest, penalties, and fees due on the property, the consequences of nonpayment by March 31, and a statement of the person's redemption right after entry of a judgement of foreclosure.

In addition, MCL 211.78i(1), (2), and (6) require the foreclosing governmental unit to determine persons with interest in the property subject to foreclosure who are entitled to notice, and determine the address reasonably calculated to apprise the person of the show cause hearing and the foreclosure hearing. MCL 211.78i(3) requires the foreclosing governmental unit to make a personal visit to the forfeited property to determine if it is occupied, and if so, to attempt personal service on the occupant and to inform the occupant of the foreclosure, and if not, to post notice on the property. MCL 211.78(5) requires publication of the notice of foreclosure if the governmental unit is "unable to ascertain an address reasonably calculated to apprise a person with a property interest entitled to notice under this section or is unable to notify a person with a property interest under subsection (2)."

The adequacy of the notice provided under the GPTA is determined by state and federal due process standards rather than by specific provisions of the Act. *Republic Bank v Genesee Co Treasurer's Petition*, 471 Mich 732, 737; 690 NW2d 917 (2005), citing MCL 211.78(2). In most cases, however, the GPTA provides "an appropriate procedure for foreclosing property because the statute requires notices that are consistent with minimum due process standards." *In re Treasurer for Wayne Co for Foreclosure*, 478 Mich 1, 8; 732 NW2d 458 (2007).

Generally, any document properly addressed and placed in the mail is presumed to reach its destination. *Crawford v Mich*, 208 Mich App 117, 121; 527 NW2d 20 (1994). Although the presumption may be rebutted, the denial of service is not sufficient to do so. See *Ins Co of North America v Issett*, 84 Mich App 45, 49; 269 NW2d 301 (1978). In addition, although our Supreme Court has held that newspaper publication is a formality that is unlikely to provide actual notice, see *Dow v State*, 396 Mich 192, 207-208; 240 NW2d 450 (1976), newspaper publication, when considered together with notice sent by first-class mail and certified mail, the recorded certificate of forfeiture, and the posted notice, demonstrates constitutionally sufficient notice that satisfies due process. See *Sidun*, 481 Mich at 509-515.

In this case, the record indicates that petitioner sent respondents notice of the pending foreclosure proceedings by certified mail, by first-class mail, by posting on the properties, and by publication. Respondents do not dispute that the notice was provided by these methods but contend that the notice by certified mail was inadequate because the returned receipt did not contain respondents' signatures, but only stated "Covid-19" or "C-19," which respondents contend rendered the notices defective. Respondents appear to be arguing that the lack of their signatures on the return receipt from the certified mail demonstrates that they did not actually receive the notice. As noted, however, due process does not require actual notice before the government may take property. *Sidun*, 481 Mich at 509.

Here, the record establishes that petitioner complied with the GPTA by providing notice to respondents by the statutorily specified methods. Although the certified mailings did not return with respondents' signatures, no evidence established that either the certified or the first-class mailings were not delivered, that the notices were not posted on the properties, or that the notices

were not published. Petitioner performed the statutory steps to provide notice to respondents and we see no reason to conclude that doing so was inadequate in this case to satisfy the minimum constitutional due-process requirements. Because respondents did not demonstrate they were denied notice required by the GPTA, the trial court did not err by denying respondents' motion to set aside the foreclosure on the basis of lack of notice.

## C. EFFECTIVE DATE

Respondents contend that they did not fail timely to claim the remaining funds from the tax sale of their properties because the "effective date" of the judgment of foreclosure is the date of the final disposition of the trial court's ruling. Respondents argue that the final disposition does not occur until this Court's judgment on appeal in this matter becomes final. Respondents also argue that because the parties stipulated that the sale of the properties would not be completed until after the trial court ruled on respondents' motion to intervene and motion to claim the remaining proceeds, the "effective date" of the judgment of foreclosure was extended by agreement of the parties. We disagree.

Section 78t of the GPTA, MCL 211.78t, provides the method by which a former property owner may claim and receive the remaining proceeds, after the satisfaction of the delinquent taxes, interest, penalties, and fees, from the tax sale of their foreclosed property. MCL 211.78l; *In re Petition of Muskegon Co Treasurer for Foreclosure*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 363764); slip op at 4. Under MCL 211.78t, a former property owner whose property is sold at a tax foreclosure sale may seek to claim the remaining proceeds from the sale only by notifying the foreclosing governmental unit of their intent by submitting Department of Treasury Form 5743 by the July 1 immediately following the effective date of the foreclosure of the property. See *Rafaeli*, 505 Mich at 445.

The timely filing of Form 5743 is required to enable the former property owner to recover the remaining proceeds of the sale. MCL 211.78t provides, in relevant part:

> (1) A claimant may submit a notice of intention to claim an interest in any applicable remaining proceeds from the transfer or sale of foreclosed property under section 78m, . . .
>
> * * *
>
> (2) For foreclosed property transferred or sold under section 78m after July 17, 2020, by the July 1 immediately following **the effective date of the foreclosure of the property**, a claimant seeking remaining proceeds for the property must notify the foreclosing governmental unit using a form prescribed by the department of treasury. . . . [Emphasis added.]

MCL 211.78k(5) provides:

> (5) The circuit court shall enter final judgment on a petition for foreclosure filed under section 78h at any time after the hearing under this section but not later than the March 30 immediately succeeding the hearing **with the judgment effective on the March 31 immediately succeeding the hearing for uncontested cases** or 10

-5-

days after the conclusion of the hearing for contested cases. All redemption rights to the property expire on the March 31 immediately succeeding the entry of a judgment foreclosing the property under this section, or in a contested case 21 days after the entry of a judgment foreclosing the property under this section. . . . [Emphasis added.]

In this case, the trial court entered the judgment of foreclosure on March 30, 2022, and in accordance with MCL 211.78k, thereby vested title to the Derby properties in petitioner unless the taxes, interest, and penalties were paid by March 31, 2022, which the judgment designated as the effective date of the judgment. Again, MCL 211.78k(5) provides that "[t]he circuit court shall enter final judgment on a petition for foreclosure filed under section 78h at any time after the hearing under this section but not later than the March 30 immediately succeeding the hearing with the judgment effective on the March 31 immediately succeeding the hearing for uncontested cases. . . ."

Despite this statutory language, respondents contend that the effective date of the judgment of foreclosure should be the date of the final disposition of the trial court's ruling, which respondents argue does not occur until this Court's judgment on appeal in this matter becomes final. Respondents point to definitions of when a judgment is "final" for purposes of appeal to this Court, and also point to MCR 7.215(F)(1), which discusses when a judgment of this Court takes effect for purposes of seeking leave to appeal to the Supreme Court. However, for purposes of determining the effective date under the GPTA, the specific provision of the GPTA defining "effective date" for purposes of that statute prevails over any general definition of "final order" or "effective date" found in other caselaw or court rules concerning the effective date of a ruling of this Court. See *Milne v Robinson*, 513 Mich 1, 12; 6 NW3d 40 (2024) (a specific statute prevails over a general one).

Respondents also contend that the effective date of the judgment of foreclosure was extended by the parties' stipulated agreement. MCL 211.78k(5), however, states that the effective date of a judgment of foreclosure is the March 31 immediately succeeding the hearing for uncontested cases, and does not provide for alteration of the effective date by the parties. This Court applies unambiguous statutory language as written. *Wells Fargo Rail Corp v Dep't of Treasury*, 344 Mich App 351, 358; 1 NW3d 373 (2022). Because the statute does not empower the parties, nor even the trial court, to alter the effective date of the judgment of foreclosure, respondents' argument is without merit.

Affirmed.

/s/ Michael F. Gadola
/s/ Michelle M. Rick
/s/ Philip P. Mariani

-6-